Charles I. DORSETT,
Plaintiff–Appellant,

v.

BOARD OF TRUSTEES FOR STATE COLLEGES & UNIVERSITIES, et al., Defendants–Appellees.

No. 90–4681.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1991.

Dee A. Hawthorne, McCoy & Hawthorne, Ltd., Natchitoches, La., for plaintiff-appellant.

W. Craig Henry, William T. McNew, Hudson, Potts & Bernstein, Monroe, La., for Taylor, Reneau, Pennington, Attebery, et al.

Before KING and DUHÉ, Circuit Judges, and SCHWARTZ,[1] District Judge.

DUHÉ, Circuit Judge.

Claiming retaliation based on the exercise of his first amendment rights, a tenured professor at a state university sued several university officials for harassment. Because the district court concluded that the speech at issue did not address a matter of public concern, it granted the defendants' motion for summary judgment. We affirm.

## FACTS

Dorsett, a tenured associate math professor at Louisiana Tech University, sought injunctive relief and damages against several of the university's present and former

---

**1.** District Judge of the Eastern District of Louisiana, sitting by designation.

faculty members and officers. The complaint alleged that his claims arose under 42 U.S.C. § 1983 and under the first, fifth, and fourteenth amendments. Dorsett also joined pendent state claims under the Louisiana Constitution.

Dorsett had enjoyed a reputation as a good teacher and an outstanding researcher. He claimed that in the fall of 1984, when he spoke out on matters of public concern, various members of the faculty and staff began harassing him and depriving him of his rights. At the time of trial, Dorsett was still teaching at Louisiana Tech. But he alleged that various administrative decisions had harmed his reputation, that he had been unfairly denied summer employment and salary increases, and that he had suffered other miscellaneous harassments.

Dorsett claimed that the defendants had retaliated against him because he challenged several departmental decisions and because he publicly supported another professor who had been attacked by the administration for refusing to lower academic standards. Dorsett also asserted that his exercise of free speech on matters of public education had, in part, caused the retaliation.

In response to the defendants' motion for summary judgment, a magistrate concluded that Dorsett had failed to raise an issue of fact on due process, equal protection, or the first amendment. Adopting these findings, the district judge granted summary judgment for the defendants.

## DISCUSSION

### Standard of Review

In reviewing a grant of summary judgment, we use the same standard used by the district court. *Netto v. Amtrak*, 863 F.2d 1210, 1212 (5th Cir.1989). To support summary judgment, the evidence, including affidavits, depositions, answers to interrogatories, and admissions on file, must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lowery v. Illinois*

*Cent. Gulf R.R. Co.*, 891 F.2d 1187, 1190 (5th Cir.1990); *Netto*, 863 F.2d at 1212.

Under this standard, we consider the evidence "in the light most favorable to the party resisting the motion." *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir.1983). We review questions of law *de novo. Lowery*, 891 F.2d at 1190; *USX Corp. v. Tanenbaum*, 868 F.2d 1455, 1457 (5th Cir.1989).

■ Although we must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir.1984). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to demonstrate that a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### First Amendment Claim

■ Dorsett has not been fired or even threatened with termination; in fact, he still teaches at Louisiana Tech. The continuing retaliatory actions alleged by Dorsett appear to be nothing more than decisions concerning teaching assignments, pay increases, administrative matters, and departmental procedures. We recognize that such decisions might seem extremely significant to Dorsett, who has devoted his life to teaching. But we believe, nevertheless, that the alleged harms suffered by Dorsett do not rise to the level of a constitutional deprivation.

■ In public schools and universities across this nation, interfaculty disputes arise daily over teaching assignments, room assignments, administrative duties, classroom equipment, teacher recognition, and a host of other relatively trivial matters. A federal court is simply not the appropriate forum in which to seek redress for such harms. *See Connick v. Myers*,

461 U.S. 138, 138–39, 103 S.Ct. 1684, 1685–86, 75 L.Ed.2d 708 (1983).

■ We have neither the competency nor the resources to undertake to micromanage the administration of thousands of state educational institutions. *See Clark v. Whiting,* 607 F.2d 634, 640 (4th Cir.1979). Of all fields that the federal courts " 'should hesitate to invade and take over, education and faculty appointments at [the university] level are probably the least suited for federal court supervision.' " *Smith v. University of North Carolina,* 632 F.2d 316, 345 & n. 26 (4th Cir.1980) (quoting *Faro v. New York Univ.,* 502 F.2d 1229, 1231–32 (2d Cir.1974)).

■ Even if we assume *arguendo* that the alleged harms suffered by Dorsett rise to the level of a constitutional deprivation, we agree with the district court that Dorsett's speech did not address a matter of public concern and thus cannot form the basis of a claim under the first amendment. This issue is a question of law to be determined by the district court and to be reviewed *de novo* by the appellate court. *See Rankin v. McPherson,* 483 U.S. 378, 386 n. 9, 107 S.Ct. 2891, 2898 n. 9, 97 L.Ed.2d 315 (1987); *Dodds v. Childers,* 933 F.2d 271, 273 (5th Cir.1991).

The Supreme Court has explained the issue as follows:

> [W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.
>
> . . . .
>
> Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.

*Connick,* 461 U.S. at 147, 103 S.Ct. at 1690 (citations omitted).

■ Communication thus rises to the level of public concern if a person speaks primarily as a citizen rather than as an employee. *See id.; Thompson v. City of Starkville,* 901 F.2d 456, 461 (5th Cir.1990). We must assess, therefore, Dorsett's primary motivation in complaining to the administration. After reviewing the summary judgment evidence, we conclude that Dorsett's complaints at the time of the alleged harassment reflected predominantly his concerns about the assignment of summer and overload classes to himself and to his friends in the department. These concerns are matters of private, not public, interest.

■ Dorsett's well-drafted pleadings appropriately allege that Dorsett spoke out as a citizen whose primary concern was the lowering of academic standards. Unsworn pleadings are not, however, competent summary judgment evidence. *See Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553; *Larry v. White,* 929 F.2d 206, 211 (5th Cir.1991).

A few of the numerous depositions taken in this case contain vague references to teachers' general concerns about academic standards, grade inflation, and student competence. These concerns, however, are common among teachers. Even when viewed in the light most favorable to Dorsett, the evidence does not show that the primary motivation for his speech was his public concern about academic excellence. Instead, the evidence shows that Dorsett's primary motivation was his personal concern about the work environment and teaching assignments.

■ "[C]omplaints that might rise above the purely personal level, but are instead expressed only as issues of employer favoritism, are personal grievances rather than issues of public concern." *Dodds,* 933 F.2d at 274 (citing *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 551 (5th Cir. 1989)). An employee such as Dorsett cannot, after trial begins, transform a personal conflict into an issue of public concern simply by arguing that his speech might have been of interest to the public. *See Con-*

*nick,* 461 U.S. at 148–49 & n. 8, 103 S.Ct. at 1691 & n. 8; *Dodds,* 933 F.2d at 273.

Perhaps Dorsett privately considered the administration's procedures detrimental to the public interest in education. He expressed this belief, however, only after filing suit. "Retrospective embellishment cannot transform personal grievances into matters of public concern." *Dodds,* 933 F.2d at 274.

Finally, the private form and context of Dorsett's speech indicate that the speech did not address a matter of public concern. *See Connick,* 461 U.S. at 147, 103 S.Ct. at 1690; *Thompson,* 901 F.2d at 466–67. Dorsett did not direct his complaints to anyone outside the university. *See Dodds,* 933 F.2d at 274. Moreover, the complaints did not arise against a background of ongoing public debate about the administration of the university, the lowering of academic standards, or the operation of the math department. *Id.* Thus, neither the content, nor the form, nor the context of the speech suggests that Dorsett intended to address a matter of public concern. *See Connick,* 461 U.S. at 147, 103 S.Ct. at 1690.

Since we conclude that Dorsett's speech failed to address a matter of public concern, we need not consider whether Dorsett established the two other essential elements of his claim: (1) that his interest in free speech outweighed the state's interest in efficient public services,[2] and (2) that the protected speech was a motivating factor in the adverse employment decision.[3]

*Other Claims*

Dorsett has failed to show any separate violation of equal protection rights. Instead, his equal protection claim is premised on the alleged violations of his first amendment rights. Since we have already concluded that the speech at issue did not address a matter of public concern and thus cannot form the basis of a first amendment claim, Dorsett's limited equal protection claim must also fail.

The district court dismissed Dorsett's due process claims because they had prescribed under Louisiana law. Dorsett argues that even if no single act rose to the level of a due process violation, all the acts were part of a continuing violation of Dorsett's rights to free speech and equal protection. We need not consider this argument, however, because Dorsett has failed to establish either a first amendment claim or an equal protection claim. Similarly, since Dorsett has failed to establish any valid claim, we need not consider whether the defendants may assert the defense of qualified immunity.

*Conclusion*

We conclude that Dorsett spoke out on an issue of private, not public, concern. Consequently, his speech provided no basis for a first amendment claim. Since Dorsett's other claims are premised on the alleged denial of his first amendment rights, they must also fail. We therefore affirm the judgment of the district court.

AFFIRMED.

---

2. *See Rankin v. McPherson,* 483 U.S. 378, 393–94, 107 S.Ct. 2891, 2901–02, 97 L.Ed.2d 315 (1987); *Connick,* 461 U.S. at 143, 150–52, 103 S.Ct. at 1688, 1692–93.

3. *See Connick,* 461 U.S. at 146–48, 103 S.Ct. at 1690; *Kirkland v. Northside Indep. School Dist.,* 890 F.2d 794, 797 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990).