United States Court of Appeals,

Fifth Circuit.

No. 92-3935.

Geraldine MOODY, Plaintiff-Appellant,

v.

JEFFERSON PARISH SCHOOL BOARD, et al., Defendants-Appellees.

Sept. 24, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WIENER and EMILIO M. GARZA, Circuit Judges, and CLEMENT[*], District Judge.

PER CURIAM:

Plaintiff-Appellant Geraldine Moody appeals the district court's grant of summary judgment dismissing her claims under 42 U.S.C. § 1983. She alleges that her dismissal by her employer, Defendants-Appellees Jefferson Parish School Board (the school board), violated her First Amendment right to academic freedom. Having reviewed the record, we conclude that Moody failed to present any summary judgment evidence rebutting the school board's stated reasons for her reprimand and transfer. Consequently, her action cannot survive the motion for summary judgment.

I

FACTS AND PROCEEDINGS

Plaintiff-Appellant Geraldine Moody taught at West Jefferson Senior High School from 1968 to 1986, at which time she was transferred due to controversy surrounding her teaching methods. Specifically, in the course of teaching a section on the First Amendment in her history class, Moody divided the pupils into groups and assigned each group a project dealing with a different aspect of the First Amendment. One group chose to focus on Freedom of the Press by publishing a newspaper entitled "Your Side." The newspaper was intended as a parody, with its avowed purpose being the improvement of the school.

Several faculty members took offense at the newspaper, including columns recommending that

_____

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

a bored student drop out of school, that students cheat on tests, and that students practice birth control. School principal Eldon Orgeron, a co-defendant and appellee herein, confiscated the remaining copies and prohibited further publication. Orgeron wrote a letter to Moody, directing her to cease publication and distribution of the newspaper, and submitting a list of questions about the newspaper for Moody to answer, including the furnishing of a financial report. Moody responded, but Orgeron found her answers inadequate and requested a conference with support personnel from the Jefferson Parish School Board. Orgeron again requested that Moody furnish a financial report, which she had not yet produced, and recommended to co-defendant and appellee Sidney Montet, then Director of Personnel for the School Board, that Moody be formally reprimanded. Montet agreed, placing a letter of reprimand in Moody's file and transferring her to Stella Worley Middle School.

Moody filed suit, alleging: (1) intentional discrimination in violation of LSA-R.S. 23:1006; (2) deprivation of her First Amendment Right of "academic freedom"; and (3) retaliation and harassment for exercise of her First Amendment rights. The school board moved for summary judgment, contending that Moody was transferred not for the assignment itself, but for failure to properly structure and supervise the student project once assigned, willful neglect of her duties as a teacher, and violation of school policy against sales of goods or services on school property. The district court granted the motion on all three claims. Moody appeals only the dismissal of her First Amendment claim.

In a published opinion, the district court offered three alternatives for the dismissal of Moody's claim.[1] First, it interpreted her claim as based on the publication of the newspaper, in which the court concluded she played only a supervisory role. Thus, the court reasoned, she was not asserting her own First Amendment right, but the right of the students. Moreover, concluded the court, Moody did not meet the requirements for third party standing.[2] Second, it noted that federal court might not be the appropriate forum for adjudicating Moody's § 1983 claim, relying on *Dorsett v. Board of*

---

[1] *Moody v. Jefferson Parish School Bd,* 803 F.Supp. 1158 (E.D.La.1992).

[2] *Id.* at 1163.

*Trustees for State Colleges and Universities,*[3] in which this court questioned whether decisions such as teaching assignment, pay increases, and other administrative manners described as "intrafaculty disputes," were appropriately challenged in a federal forum.[4]  Third, the court found that, even if Moody had standing and federal court was an appropriate forum, she had not engaged in constitutionally protected activity, applying *Pickering v. Board of Education.*[5]  The court also relied on *Kirkland v. Northside Independent School District,*[6] which it found controlling.[7]

## II

## ANALYSIS

On appeal, Moody challenges only the district court's grant of summary judgment dismissing her First Amendment claim implicating her academic freedom.  Although academic freedom is a recognized constitutional doctrine, we need not reach the merits of her claim as she has failed to meet her summary judgment burden.  In its summary judgment motion, the school board proffered the official reprimand letter and affidavits of various officials which recite the three reasons for Moody's transfer:  inadequate supervision, willful neglect, and violations of the school's financial policy.  In response, Moody offered no evidence to rebut this evidence, not even her own affidavit.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[8]  In determining whether summary judgment is warranted, we review the record and the pleadings independently, viewing all fact questions in a light most favorable to the nonmovant and considering legal questions de novo.[9]  "[I]n the face of the defendant's properly supported motion for summary

---

[3]940 F.2d 121 (5th Cir.1991).

[4]*Moody,* 803 F.Supp. at 1164.

[5]391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

[6]890 F.2d 794 (5th Cir.1989).

[7]*Moody,* 803 F.Supp. at 1164-65.

[8]FED.R.CIV.P. 56(c).

[9]*Walker v. Sears Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988).

judgment, the plaintiff [can]not rest on his allegations ... to get to a jury without "any significant probative evidence tending to support the complaint.' "[10]

Once the school district presented summary judgment evidence that Moody had been transferred for legitimate "intrafaculty" reasons, Moody could no longer simply rest on her pleadings and unsupported allegations. Yet rest she did. In the absence of any summary judgment evidence to rebut the school district's legitimate reasons for censure and transfer, no "reasonably minded juror" could find in favor of Moody.[11] Consequently, the grant of summary judgment was proper.

Although we affirm, we do so for reasons other than those expressed in the district court's opinion. Because there may have been flaws in the reasoning of that opinion on the issues of standing, jurisdiction, and the reach of academic freedom, we do not here affirm such reasoning. That opinion cannot, therefore, be considered or cited as authority for those propositions, one way or the other.

AFFIRMED.

---

[10]*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

[11]*Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.