**James BURDEN, Sr. Individually and as Administrator of the Estate of James Burden, Jr., Plaintiff,**

v.

**WILKES–BARRE AREA SCHOOL DISTRICT, Defendant.**

No. Civ.A. 3:97–CV–1224.

United States District Court, M.D. Pennsylvania.

Feb. 11, 1998.

Chester F. Dudick, Forty–Fort, PA, for Plaintiff.

Anthony J. Piazza, Scranton, PA, for Defendant.

## MEMORANDUM

NEALON, District Judge.

In this civil rights action whereby plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985(3), and seeks costs and attorney's fees under 1986 and 1988, Defendant Wilkes–Barre Area School District filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on October 23, 1997, and a brief in support was submitted on November 3, 1997. Plaintiff filed a brief in opposition on November 20, 1997, to which defendant replied on December 4, 1997. The Motion is ripe for determination and, for the following reasons, will be granted.

### BACKGROUND

James Burden, Jr. (decedent) was a student of Meyers High School in the Wilkes–Barre Area School District, and, on the morning of August 14, 1995, was practicing with the Meyers football team. During practice, which was being conducted in temperatures ranging from the upper eighties to the low nineties, decedent experienced leg cramps. Upon experiencing these cramps, decedent was removed from the practice field for a brief rest and later placed back into practice. Following the conclusion of the morning practice session, the decedent was instructed by a coach to drink fluids and eat bananas, but at no time did the coach tell him seek medical attention. Later that afternoon, at approximately 4:00 p.m., another session of practice was held, at which time, decedent again experienced leg cramps and, on two occasions, was again taken off the practice field only to return to practice after a short rest. That evening, after going home, decedent collapsed and was rushed to a local hospital. He was suffering respiratory abnormalities that accompany clinical fasciolar volume depletion and subsequently died as a result of this condition.

Plaintiff alleges that prior to August 14, 1995, defendant, through the Board of School Directors (Board), had decided against hiring a certified athletic trainer to attend to the health and safety of students participating in sports in the Wilkes–Barre Area School District. Plaintiff further asserts that the

Board arrived at this decision with the knowledge that students participating in high school athletics suffered injuries throughout the year and that other area school districts had hired athletic trainers to treat their injured athletes.

Plaintiff maintains that defendant, through the Board's decision to not hire a certified athletic trainer, denied decedent his constitutional rights to life and liberty under the Fourteenth Amendment. Specifically in Count I, plaintiff maintains that defendant, acting under color of state law, had a policy and custom of not providing an athletic trainer for school district athletic competitions, and that this policy and custom caused decedents death, therefore denying him his constitutional rights and violating 42 U.S.C. § 1983. Plaintiff further contends in Count II that the Board, in violation of 42 U.S.C. § 1985, conspired to deprive decedent of his constitutional rights and equal protection of the laws. Additionally, in Count III plaintiff seeks to receive costs and attorney's fees pursuant to 42 U.S.C. § 1988. Finally, in Counts IV–VII, plaintiff asserts pendent claims arising under Pennsylvania Law including negligence, survival and wrongful death claims, and a claim seeking punitive damages.

Defendant, in its Motion to Dismiss, contends that plaintiff has failed to plead a valid due process claim because under no circumstances can plaintiff prove a policy or custom of deliberate indifference to decedent's constitutional rights sufficient to impose liability under Section 1983. Furthermore, defendant asserts that plaintiff has failed to properly plead a claim of conspiracy pursuant to Section 1985 insofar as the complaint does not allege any specific conduct, including the specific participation of each defendant, that violated the decedent's rights. Defendant also argues that because the Board's decision not to hire a certified trainer was a discretionary one, and because the complaint fails to identify a violation of a clearly established right, that the defendant is entitled to qualified immunity on Counts I and II. Additionally, defendant maintains that it is entitled to immunity on state law claims because they are barred by the Pennsylvania Political Sub-division Tort Immunity Act and that because the claims pursuant Sections 1983 and 1985 should be dismissed, the claim for costs and attorney's fees should likewise be dismissed.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed if the complaint fails to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the Court must view all allegations made in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). Furthermore, " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1082–82, 31 L.Ed.2d 263 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Defendant, in support of the Motion to Dismiss, first argues that plaintiff has failed to state a cause of action under Section 1983 insofar as the allegations of a deprivation of life and liberty fail to identify either a custom or policy of the Wilkes–Barre Area School District or an affirmative duty of care owed to the decedent. Furthermore, defendant maintains that even assuming a duty existed and a policy or custom was established, plaintiff has failed to allege, and under no circumstances can prove, that defendant acted with the requisite "deliberate indifference" to the consequences of not providing a certified trainer that is necessary to impose liability.

In support of its argument that there was no duty to protect, and thus no constitutional violation, defendant cites cite *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), which held that::

> [T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.... If the Due Process Clause does not require the State to

provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them.

*DeShaney*, 489 U.S. at 196–97, 109 S.Ct. 998 (citations omitted) (footnote omitted). The United States Court of Appeals for the Third Circuit has held that:

> [A] plaintiff must do more than show the defendant could have averted her injury and failed to do so. In order to establish liability a plaintiff must demonstrate both that the defendant's policy, practice, or custom played an affirmative role in bringing about the [consequences] and that the defendant acted with deliberate indifference to [those consequences]. In order to establish deliberate indifference on the part of the defendant, "something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm" to plaintiffs.

*Black by Black v. Indiana Area School District*, 985 F.2d 707, 712–13 (3d Cir.1993) (quoting *Colburn v. Upper Darby*, 946 F.2d 1017, 1025 (3d Cir.1991) (third and fourth alterations in original)). *Shepard v. Kemp*, 912 F.Supp. 120, 129 (M.D.Pa.1995). Moreover, although a policy or custom may be established by a single action, in order to constitute an "official policy," the action must be "intended to ... establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81, 106 S.Ct. 1292, 1298–99, 89 L.Ed.2d 452 (1986).

■ In this case, there are no allegations that the decision not to hire a certified athletic trainer was intended to establish the same fixed course of action to be followed each and every time the issue came before the Wilkes–Barre School District. Plaintiff has merely alleged that prior to August 14, 1995, a decision was made by defendant not to hire a trainer. There are no allegations that this same decision would be arrived at under similar circumstances consistently in the future. Accordingly, it does not appear that the one-time decision of the Wilkes–Barre Area School District and the Board not to

hire a certified trainer constitutes official policy under *Pembaur*.

■ Furthermore, under *DeShaney*, *Black*, and *Shepard*, defendant Wilkes–Barre Area School District had no affirmative obligation to provide James Burden, Jr. with a certified athletic trainer while he was participating in football practice. Although the defendant could have provided a trainer, which may or may not averted the unfortunate death in this case, *DeShaney* makes it clear that no constitutional obligation arises out of the State's failure to provide services even if such services or protection are necessary to secure life or liberty. *Id.* at 196–97. Therefore, even conceding that there existed a policy of not having a certified athletic trainer to monitor the health and safety of student-athletes, no affirmative duty existed on the part of the defendant to protect the decedent from injury. Accordingly, decedent was not deprived of any right guaranteed to him under the United States Constitution or Federal statute.

■ Additionally, *Black* and *Kemp* recognize that deliberate indifference must be something more than a negligent failure to recognize a high risk of harm to a person and that the mere failure to act cannot be the basis for liability. Plaintiff has failed to allege anything rising to the level of deliberate indifference on the part of defendant in choosing not to provide a trainer. There have been no allegations of similar incidents occurring during the course of football practice in the Wilkes–Barre Area School District and that defendant ignored those incidents in deciding against hiring a trainer. Furthermore, it does not appear that plaintiff could prove under any set of facts that, based upon the decision not to employ a certified athletic trainer, the Wilkes–Barre Area School District was deliberately indifferent to whether its high school students might suffer life-threatening injuries in the course of practicing football and other sports. Accordingly, plaintiff has not sufficiently alleged the existence of an official policy or an affirmative duty to protect the decedent on the part of the defendant, nor has he properly plead that the defendant acted with deliberate indifference toward the decedent. Therefore, Plain-

tiff's Section 1983 claim will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has also failed to properly plead, in Count II, a claim of civil conspiracy under 42 U.S.C. § 1985. In stating a claim for conspiracy, a plaintiff may not make "[b]are conclusory allegations of 'conspiracy' or 'concerted action,'" but is required to "expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such agreement can be inferred." *Flanagan v. Shively*, 783 F.Supp. 922, 928 (M.D.Pa.), *aff'd* 980 F.2d 722 (3d Cir.1992), *cert. denied*, 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993). Such averments "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." *Id.*

Under the *Flanagan* standard, and construed in the light most favorable to plaintiff, the complaint nevertheless fails to allege a claim for conspiracy against the defendants. Plaintiff has barely provided a broad allegation of conspiracy, and the assertions are devoid of any factual support showing the role of the defendant or any "communication, consultation, cooperation or command." *Id.* Accordingly, plaintiff has failed to plead with the required specificity a valid Section 1985 claim.

Furthermore, in order to assert a viable conspiracy claim, a plaintiff must allege that two or more persons acted in concert in an effort to deprive him or her of a constitutionally protected right. 42 U.S.C. § 1985; *Hull v. Cuyahoga Valley Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir.1991). Several federal courts have found that a governmental entity and its agents cannot, as a matter of law, conspire because they are considered one and, therefore, the "two or more persons" requirement cannot be met. *See, Hull* 926 F.2d at 509–10; *Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364, 1371 (4th Cir. 1989), *cert. denied*, 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989); *Moody v. Jefferson Parish School Bd.*, 803 F.Supp. 1158, 1166 (E.D.La.1992), *aff'd*, 2 F.3d 604 (5th Cir.1993). Here plaintiff has only named the Wilkes–Barre Area School District as a defendant, but alleges that the District, through the board, conspired to deprive decedent of his rights. It is not clear who plaintiff alleges that the defendant conspired with, but even reading the allegations as maintaining that the Board members conspired together, the claim must fail. The individual Board members are all agents of the defendant School District and, therefore, the "two or more persons" requirement is not met here and the claim of conspiracy must be dismissed. *See Hull*, 926 F.2d at 509–10.

Consequently, because plaintiff's Section 1983 and Section 1985 claims will be dismissed, the claims for attorney's fees and costs under Sections 1986 and 1988 will also be dismissed. Furthermore, in dismissing plaintiffs federal claims, this Court now lacks original jurisdiction over the state law claims presented in Counts IV–VII and declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir.1995). Accordingly, an appropriate Order will follow and the Clerk of Court will be directed to close this case.

### ORDER

NOW, this 11th day of February, 1998, in accordance with the Memorandum this day filed, IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss (Doc. 9) of Defendant Wilkes–Barre Area School District is GRANTED;

(2) Plaintiff's Complaint is DISMISSED for failing to state a claim upon which relief may be granted; and

(3) The Clerk of Court is directed to close this file.