**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50607
Summary Calendar

KATHRYN C. TILLMAN,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF INSURANCE,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-97-CV-125-JN)

December 10, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Kathryn Tillman appeals an adverse summary judgment in her Americans with Disabilities Act action against the Texas Department of Insurance. For the reasons assigned, we affirm.

**BACKGROUND**

Tillman claims that she suffers from multiple chemical sensitivity ("MCS"), that the Department failed reasonably to accommodate her disability, and that her MCS

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

caused extreme allergic reactions whenever she was around fragrances or perfumes in the workplace.

The magistrate judge recommended, and the district court agreed, that summary judgment should be granted in favor of the Department, finding that Tillman was not a "qualified individual with a disability" because, although she was substantially limited in major life activities as a result of MCS, she could not perform the essential functions of her job.

The magistrate judge also found that the Department provided many accommodations, such as a flexible work schedule, ventilators, a leave of absence, and directing employees to not wear perfumes in Tillman's work area. The court held that allowing her to work at home would not be a reasonable accommodation. She timely appealed.

## ANALYSIS

On appeal of a summary judgment our review of the record is plenary[1] and we apply the same standard as that used by the district court.[2] We view the evidence in the light most favorable to the non-movant and if we find no genuine dispute of a material fact, deem summary judgment appropriate.[3]

We need not decide whether Tillman's multiple chemical sensitivity is a disability under the ADA. Assuming, *arguendo,* that she is a qualified individual with

---

[1] **International Shortstop, Inc. v. Rally's, Inc.,** 939 F.2d 1257 (5th Cir. 1991).

[2] **Dorsett v. Board of Trustees of State Colleges & Univs.**, 940 F.2d 121 (5th Cir. 1991).

[3] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).

2

a disability, we agree with the district court that the Department has reasonably accommodated her and that her request to work at home would not be a reasonable accommodation. Our review of the record, briefs, and relevant authorities discloses no reversible error and the judgment appealed is AFFIRMED.