# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 98-30842
Summary Calendar

DAVID BOURG,

Plaintiff-Appellant,

versus

MOBIL OIL CORP.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-862)

May 24, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

David Bourg appeals an adverse summary judgment in his Louisiana tort law action against Mobil Oil Corporation. For the reasons assigned, we affirm.

Bourg was injured while working at a Mobil base in Cameron, Louisiana. At the time, he was nominally employed by Excalibur Support Services, Inc. The district court[1] found that Mobil was Bourg's "borrowed" employer under Louisiana workers' compensation law and, thus, was immune from this tort suit for Bourg's

---

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

[1] The parties consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).

personal injuries allegedly sustained on the work premises.[2]

On appeal of a summary judgment our review of the record is plenary[3] and we apply the same standard as that used by the district court.[4]  We view the evidence in the light most favorable to the non-movant and, if we find no genuine dispute of material fact, deem summary judgment appropriate.[5]

Our review of the record and briefs filed herein discloses no reversible error. Accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its Memorandum Ruling granting Mobil's motion for summary judgment signed and filed July 7, 1998, the judgment appealed is AFFIRMED.

---

[2] Because the district court found that Mobil was entitled to summary judgment under the borrowed employee doctrine, it did not address Mobil's alternative contention that it was immune from suit as Bourg's statutory employer.

[3] **International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).

[4] **Dorsett v. Board of Trustees for State Colleges & Univs.**, 940 F.2d 121 (5th Cir. 1991).

[5] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).