UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31194
Summary Calendar

_____

CHARLES DORSETT,

Plaintiff - Appellant,

v.

LOUISIANA TECH UNIVERSITY; ET AL.,

Defendants,

LOUISIANA TECH UNIVERSITY; RICHARD GREECHIE; BARRY KURTZ;
KENNETH REA; DANIEL D. RENEAU; BARRY BENEDICT; LESLIE GUICE;
EUGENE CALLENS; RUTH ELLEN HANNA,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-210)

February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles Dorsett appeals, *pro se*, the summary judgment awarded
defendants with respect to his claims for: violation of First
Amendment and due process rights; and state-law defamation. The
district court, after conducting a *de novo* review, adopted the
Report and Recommendation of the Magistrate Judge, concluding

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dorsett had failed to establish: constitutional deprivations with respect to his First Amendment and due process claims; and various elements of a state-law defamation claim.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court. A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact." ***Ameristar Jet Charter, Inc. v. Signal Composites, Inc.***, 271 F.3d 624, 626 (5th Cir. 2001) (internal citations omitted). "Although we must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to demonstrate that a genuine factual issue exists." ***Dorsett v. Bd. of Trs. for State Colls. & Univs.***, 940 F.2d 121, 123 (5th Cir. 1991) (internal citations omitted).

Dorsett's initial and reply briefs constitute little more than an eighty-plus-page diatribe directed at defendants. He does not state specific points of error, other than ask for review to determine whether there is error in the final judgment. Likewise, he does next to nothing in the way of addressing the district court's reasons for granting summary judgment. Simply put, he has wholly failed to comply with the rules concerning the requirements for a brief. In any event, he has not shown that a genuine issue

2

of material fact exists and that defendants are not entitled to judgment as a matter of law.

**_AFFIRMED_**