# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

No. 14-31101
Summary Calendar

JOHN W. OLLER,

Plaintiff - Appellant

v.

NANCYE C. ROUSSEL, individually and in her official capacity as Head of
the Department of Communicative Disorders, University of Louisiana at
Lafayette; A. DAVID BARRY, individually and in his official capacity as
Dean of the College of Liberal Arts, University of Louisiana at Lafayette;
MARTIN J. BALL, individually and in his official capacity as Professor of
Communicative Disorders, University of Louisiana at Lafayette,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CV-2207

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Professor John W. Oller appeals the summary judgment in favor of
Defendants Nancye C. Roussel, A. David Barry, and Martin J. Ball
(collectively, "Defendants"). Oller sued Defendants for violating his First
Amendment rights by censoring his speech and retaliating against him. We

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-31101

AFFIRM the district court's judgment.

## I.

In 1997, Oller joined the University of Louisiana at Lafayette ("UL") as a professor in the Communication Disorders ("CODI") department. For many years, Oller has been vocal about his views regarding creationism, intelligent design, and the relationship between vaccines and autism. Oller has written several books about the alleged link between autism and vaccines and discussed his views during his classes. Oller claims that Defendants became hostile to his work and engaged in several actions meant to remove him from the department and prevent him from spreading his views to students.

In December 2011, Oller sued Defendants for violating his First Amendment rights and his employment contract. He subsequently amended his complaint to add state law defamation claims. Both parties moved for summary judgment. The district court granted summary judgment in favor of Defendants with respect to Oller's First Amendment claims and declined to exercise supplemental jurisdiction over Oller's remaining state claims, dismissing them without prejudice. Oller timely appealed.

## II.

We review a grant of summary judgment de novo. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

To survive summary judgment on his First Amendment retaliation claim, Oller must present evidence showing, *inter alia*, that he suffered an adverse employment action. *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir.

No. 14-31101

2014). "'Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.'" *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000) (quoting *Pierce v. Tex. Dep't of Criminal Justice*, 37 F.3d 1146, 1149 (5th Cir. 1994)). Though some other actions, such as transfers, may be adverse employment actions when they are "sufficiently punitive," "'some things are not actionable even though they have the effect of chilling the exercise of free speech.'" *Breaux*, 205 F.3d at 157 (quoting *Benningfield v. City of Hous.*, 157 F.3d 369, 376 (5th Cir. 1998)).

We have been particularly reluctant to interfere with decisionmaking in the academic context. Many of the decisions made at schools and universities—such as decisions "concerning teaching assignments, pay increases, administrative matters, and departmental procedures"—are not the kinds of adverse actions that "rise to the level of a constitutional deprivation" under our jurisprudence. *Dorsett v. Bd. of Trs. for State Colls. & Univs.*, 940 F.2d 121, 123 (5th Cir. 1991). "Of all fields that the federal courts should hesitate to invade and take over, education and faculty appointments at the university level are probably the least suited for federal court supervision." *Id.* at 124 (citation, quotation marks, and alterations omitted).

Oller makes five allegations to support his claim: (1) Defendants refused to allow Oller to use his textbook as primary source material in classes he teaches; (2) Defendants did not assign him to teach classes in the CODI department; (3) Defendants gave the Hawthorne Professorship, an endowment available to professors at UL, to another professor; (4) Defendants reclassified Oller from a Track IV professor to a Track III professor; and (5) Defendants have not awarded him a merit pay raise since 2004.

We conclude that the first four alleged actions are not adverse employment actions. As to the last, Oller failed to raise a material issue of fact supported by competent summary judgment evidence.

3

No. 14-31101

First, declining to use Oller's textbook as primary material in a class is not an adverse employment action.  Oller requested that a textbook he authored replace the current primary text for his section of a course taught in multiple sections.  The curriculum committee denied his request, noting that courses offered with multiple sections should use the same course text.  The selection of a single textbook for a class with multiple sections taught by different professors is a departmental procedure and not a "constitutional deprivation."  *See Dorsett*, 940 F.2d at 123; *see also Kirkland v. Northside Ind. Sch. Dist.*, 890 F.2d 794, 802 (5th Cir. 1989) ("We hold only that public school teachers are not free, under the first amendment, to arrogate control of curricula.").  Additionally, the department allowed Oller to use his textbook as secondary material and to discuss his views during class.  Thus, not only did the refusal to use Oller's textbook as primary material not rise to the level of a constitutional deprivation, but also it did not have the effect of chilling his speech.  *See Dorsett*, 940 F.2d at 123; *Pierce*, 37 F.3d at 1150.

Second, the failure to assign Oller to teach particular CODI classes is also not an adverse employment action.  In *Dorsett*, we noted that "decisions concerning teaching assignments," though significant to the faculty member, "do not rise to the level of a constitutional deprivation."  940 F.2d at 123.  "[A] federal court is simply not the appropriate forum . . . to seek redress for such harms."  *Id.*  That Oller might find his teaching assignments undesirable or might prefer other assignments is not material to this determination.  *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997) ("Undesirable work assignments are not adverse employment actions.").  Oller has not presented evidence that shows that his assignment to teach lower-level or nondepartmental classes fundamentally changed the nature of his job with UL, nor has he presented evidence that Defendants prohibited him from speaking on certain topics during his assigned classes.  *Cf. Thompson v. City*

4

No. 14-31101

*of Waco*, 764 F.3d 500, 505 (5th Cir. 2014) (in a Title VII case, holding that a detective suffered an adverse employment action where a police department "rewrote and restricted his job description to such an extent that he no longer occupie[d] the position of a detective"). Accordingly, Oller fails to raise a factual dispute as to whether his teaching assignment constitutes an adverse employment action.

Third, UL's decision not to renew Oller's Hawthorne Professorship also does not support his retaliation claim. UL has four Hawthorne Professorships. Each confers an endowment to a professor for a three-year period. At the end of three years, the current holder of the Professorship must reapply for it, and other candidates may compete. Oller held one of the Professorships from 2004 to 2013. When Oller reapplied for the Professorship in 2013, the department awarded the professorship to Defendant Ball.[1] Though Oller frames the loss of the Professorship as a loss of compensation, the evidence does not support Oller's contention that he was entitled to the Professorship. He did not first receive the Professorship until several years after he began teaching at UL, and he had to reapply for it every three years. *Cf. Markwell v. Culwell*, 515 F.2d 1258, 1259 (5th Cir. 1975) ("The appellant's 'property' interest in his job was limited by the year-to-year contract and his probationary status."). Rather, the Professorship appears to be a discretionary, merit-based award based in part on UL officials' assessment of the quality of a professor's work and his value to the department. Courts are not the appropriate forum for evaluating education and faculty appointments. *Dorsett*, 940 F.2d at 124. Accordingly, we find that the decision not to renew Oller's Hawthorne Professorship is not an adverse employment action.

---

[1] Defendants dispute that they were involved in the selection process. As we conclude that the decision not to renew the professorship is not an adverse employment action, this factual dispute is not material.

No. 14-31101

Turning to the fourth alleged action, Oller fails to present evidence supporting his claim that his reclassification from Track IV to Track III is an adverse employment action. A transfer to a less desirable position can sometimes constitute a demotion—and therefore an adverse employment action—even without a decrease in pay. *See Click v. Copeland*, 970 F.2d 106, 110 (5th Cir. 1992). However, Oller does not bring forth evidence showing how the "Track" designation affects his pay, benefits, or other privileges of employment. In fact, Oller remained a tenured professor at UL after the reclassification.

Finally, Oller failed to raise a material fact issue regarding his complaint that Defendants gave him lower merit evaluations for many years resulting in the denial of merit pay raises. Defendants have presented evidence that no one at UL has received a merit pay raise since 2008, a claim Oller has not rebutted. Thus, this assertion does not support a reversal of the summary judgment.

To the extent Oller's First Amendment claims arise from a "prior restraint" on his speech, we find that he fails to show evidence that Defendants have prohibited him from stating his beliefs or censored his speech. To the contrary, the summary judgment evidence shows that Defendants have allowed Oller to use his textbook as secondary material, discuss his views during class, and publish and speak about his views outside the classroom.

AFFIRMED.