**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30536
Summary Calendar

PAUL O. IWENJIORA; CHRISTOPHER ERUCHALU;
GARRY LEE ROBERSON,

Plaintiffs-Appellants,

VERSUS

ELMER LITCHFIELD, ET AL.,

Defendants,

ELMER LITCHFIELD, Sheriff, of East of Baton Rouge Parish,
JOE SABELLA, Warden, of East Baton Rouge Parish Prison;
ANN LEMOINE, Prison Health Care Manager,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana

(93-CV-278)

April 15, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Paul Iwenjiora, Christopher Eruchalu, and Garry Roberson, all

former inmates at the East Baton Rouge Parish Prison, filed a suit

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 42 U.S.C. § 1983 against Sheriff Elmer Litchfield, Warden Joseph Sabella, and several other corrections officials in which they alleged various violations of their Eighth Amendment protections against cruel and unusual punishment.[2]  Specifically, they alleged that they contracted tuberculosis from a fellow inmate because the prison's screening and control procedures for infectious disease were constitutionally inadequate.  The plaintiffs further alleged that after they tested positive for tuberculosis, the defendants demonstrated deliberate indifference to their medical needs by failing to dispense appropriate medications and by ignoring their medical complaints.  On recommendation by the magistrate judge, the district court granted summary judgment for the defendants and entered a final judgment in their favor.  The plaintiffs timely filed notice of appeal.  We affirm.

---

[2] Litchfield and Sabella are the only defendants named in the present appeal.

We review a grant of summary judgment <u>de novo</u>.[3] Summary judgment is proper only if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] A thorough and independent review of the record convinces us that Litchfield and Sabella are entitled to summary judgment.

To have survived a motion for summary judgment, the plaintiffs were required to proffer evidence that raised a genuine issue of material fact as to whether the defendants were deliberately indifferent to their serious medical needs.[5] Much of the evidence adduced by the plaintiffs in opposition to Litchfield's and Sabella's motion, though, was unauthenticated and therefore inadmissible.[6] We have stated that "unauthenticated documents are

---

[3] *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

[4] Fed. R. Civ. P. 56(c).

[5] <u>See</u> *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).

[6] Among the exhibits attached to the plaintiffs' memorandum were confidential prison investigation reports concerning irregularities in the dispensation of medications to prisoners.

3

improper as summary judgment evidence."[7]  Accordingly, we are permitted to consider only competent evidence in reviewing the propriety of the district court's entry of summary judgment on the defendants' behalf.  Considering only competent evidence, it is clear to us that the plaintiffs have not met their burden of raising a genuine issue of material fact.[8]  In simple terms, the evidence does not demonstrate that either of the defendants knew of and disregarded an excessive health risk to the plaintiffs.[9]  Any other claims are considered abandoned by virtue of the plaintiffs' failure adequately to brief and argue them on appeal.[10]  Litchfield and Sabella were entitled to summary judgment.

---

None, however, were accompanied by authenticating certifications from the custodian of records.

[7] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[8] Even if we were able to consider all of the plaintiffs' evidence, it is doubtful that they could have survived summary judgment.

[9] See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  See also *Varnado* at 321 (mere negligence, neglect, or medical malpractice do not give rise to a § 1983 cause of action).

[10] See *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.