IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40990
Summary Calendar

_____

CHON QUEVEDO FLOWERS, also known as
Khalidin Saw-wa Afa,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; UNIVERSITY OF
TEXAS MEDICAL BRANCH; A. D. CASKEY,
Senior Warden, Individually & in
official capacity; EDWARD L. GALLOWAY,
Chief, Classification, Individually &
in official capacity; TRACY M. MURPHY,
Manager, Health Services, Individually
& in official capacity; DIANA L. KELLY,
Assistant Manager, Health Services,
Individually & in official capacity;
ROCHELLE McKINNEY, Chief of Nurses,
Individually & in official capacity;
UNIDENTIFIED DOMINGUEZ, DR., Individually
& in official capacity,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 6:98-CV-457

_____

July 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Chon Quevedo Flowers, Texas prisoner # 652860, appeals the district court's dismissal of his complaint. Flowers's federal civil rights claims were dismissed by the district court for failure to state a claim and as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). His supplemental state law claims were dismissed without prejudice.

In his lengthy complaint, Flowers made numerous allegations relating to the alleged denial of proper medical treatment for asthma, allergies, and back problems. He also asserted that his medical classification was improper and that he was placed in inappropriate working assignments.

Flowers has abandoned the issues of retaliation and conspiracy by not raising them in his appellate brief. See Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993).

The district court considered information outside of the pleadings in holding that Flowers's allegations failed to state a claim. See FED. R. CIV. P. 12(b). Additionally, the district court limited Flowers's claims to those alleged to have occurred between July 22, 1996 and October 15, 1996, based on assertions made in Flowers's response to the court's order to file an amended complaint. If we liberally construe Flowers's response to the district court's order, as we must under Haines v. Kerner, 404 U.S.

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

519 (1972), it incorporated by reference the original complaint. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

Nevertheless, we may affirm on any basis supported by the record. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). Because we find that Flowers's claims were legally frivolous, we affirm the district court's judgment on this alternative ground. See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Breaux v. City of Garland, 205 F.3d 150, 161 (5th Cir. 2000), petition for cert. filed, (U.S. May 22, 2000) (No. 99-1863); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

A F F I R M E D.