IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10137
Conference Calendar

_____


JAMES EDWARD WILLIAMS,

                                        Plaintiff-Appellant,

versus


WAYNE SCOTT, Director; JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JANIE COCKRELL; S.O. WOODS; JOHN GILBERTS; ET AL.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-163
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

    James Edward Williams, former Texas inmate # 739898, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights "class action" suit as frivolous pursuant to 28 U.S.C.
§ 1915(e)(2).  Although Williams identifies seven points of
error, he fails to brief all but three of these issues.  Only
those issues properly briefed are addressed by this court;

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Williams' remaining issues are waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Williams argues that the district court 1) erred in treating a 42 U.S.C. § 1983 complaint, filed on behalf of another inmate, as part of Williams' amended complaint, 2) abused its discretion in denying Williams' motion for class certification, and 3) abused its discretion in failing to consider Williams' factual allegations. This court reviews a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Because Williams' amended complaint, even excluding the 42 U.S.C. § 1983 complaint filed on behalf of the other inmate, contained no claim related to Williams, any error committed by the district court in treating both pleadings as Williams' amended complaint would be harmless. See Fed. R. Civ. P. 61. Furthermore, because Williams fails to identify questions of law and fact common to the proposed class members or address the other requirements of Fed. R. Civ. P. 23(a), he fails to demonstrate that the district court abused its discretion in denying Williams' motion for class certification. Lightbourn v. County of El Paso, Tex., 118 F.3d 421, 425 (5th Cir. 1997). Similarly, because Williams' factual allegations were not properly before the district court, there was no abuse of discretion in failing to consider them. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

The district court's dismissal of Williams' suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2) is AFFIRMED.