IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60391
Conference Calendar

_____

DAVID GRAY,

                                        Plaintiff-Appellant,

versus

WILLIE MAE WILLIAMS, Deputy Warden, MCCF; SHANNON GRIMES,
Disciplinary Chairperson, MCCF; "UNKNOWN" CRAINE, Unit Case
Manager, A Building, MCCF Disciplinary Board Member; "UNKNOWN"
CROCKERN, Officer, Disciplinary Board Member, MCCF; "UNKNOWN"
LYNCH, Sergeant, Disciplinary Investigator, MCCF; LESHA AGNUE,
Internal Affairs, MCCF; JANE DOE, The 4th Disciplinary Committee
Member,

                                        Defendants-Appellees.
--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-82-D
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    David Gray, Mississippi prisoner # 01440, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action.  Gray

argues that the defendants did not follow proper prison policies

and procedures in collecting and handling his urine sample; the

Rule Violation Report (RVR) was not issued until 54 days after

the urine sample was taken; the RVR incorrectly states that the

violation was unauthorized possession of marijuana and not

unauthorized use of marijuana; and the investigator and Warden

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Williams failed to investigate the RVR to ensure that the proper prison policies were followed. Gray has not shown that the district court erred in determining that Gray's loss of visiting privileges and change in custodial classification were not sufficiently severe punishments to entitle him to due process protections in view of Sandin v. Conner, 515 U.S. 472, 484 (1995).

Gray also argues that Warden Williams violated his right of access to the courts by failing to return documents which were attached to his administrative appeal. Because Warden Williams' failure to return the documents did not prevent Gray from filing this action or appeal, he had not shown that Warden Williams violated his right of access to the court. See Lewis v. Casey, 518 U.S. 343, 349 (1996).

Gray argues the district court erred in dismissing his action without allowing him the opportunity to conduct discovery. Because Gray does not state what information he expected to uncover with discovery, his argument is conclusional and he has not shown that the district court abused its discretion in dismissing his action without allowing him a sufficient opportunity to conduct discovery. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

For the first time on appeal, Gray argues that a new prison policy which limits his access to three legal file folders at a time violates his right of access to the courts. This issue may not be raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.