United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20181
Summary Calendar

DARREL D. TURK,

Plaintiff-Appellant,

versus

TOMMY B. THOMAS, Sheriff;
MEDICAL DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1716
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darrel D. Turk, Texas prisoner # 1124638, challenges the district court's dismissal on summary-judgment grounds of his 42 U.S.C. § 1983 complaint. His motion for appointment of counsel on appeal is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Turk asserts that the defendants showed deliberate indifference to his serious medical needs by failing to diagnose and treat his broken leg, failing to return him to the hospital for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a follow-up examination, and failing to give him the medication prescribed by the hospital. His complaints sound in malpractice or constitute a disagreement with the treatment received and are insufficient to state a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Turk did not establish in the district court a genuine issue of material fact regarding the defendants' failure to change his bandages. See FED. R. CIV. P. 56(e); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Turk's allegations of verbal abuse do not allege a violation under 42 U.S.C. § 1983. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Turk has not established that he suffered substantial harm as a result of any failure to examine and treat his head injuries. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Turk asserts that the district court erred in denying his motions to amend his complaint and for discovery. The district court did not abuse its discretion in either of these rulings. See Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995); Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Turk has not established that the district court erred in granting summary judgment in favor of the defendants. See Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). The judgment of the district court is thus AFFIRMED.