United States Court of Appeals,

Fifth Circuit.

No. 94-60022

Summary Calendar.

Hattie Ray KING, Plaintiff-Appellant,

v.

Ellett DOGAN, etc., et al., Defendants,

Jimmy Dees, etc., Defendants-Appellees.

Sept. 14, 1994.

Appeal from the United States District court for the Northern District of Mississippi.

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:

Hattie Ray King appeals the grant of summary judgment in favor of the defendant, Jimmy Dees (Dees), an investigator for the Mississippi Department of Public Safety. Finding no error, we affirm.

FACTS

King's son, Johnny Wayne King was on trial in state court for sale of a controlled substance. During the course of that trial, King, her son, and her husband were accused of tampering with the jury, and a mistrial was declared. After an investigation, all three were indicted for conspiracy, obstruction of justice, and bribery. During the trial, Dees, who conducted the search of King's residence, testified that he found photocopies of a jury list under the seat of a truck belonging to King's husband. Following a four day trial, the jury found King guilty of conspiracy, her son guilty of conspiracy and bribery, and her husband guilty of conspiracy, bribery, and obstruction of justice. King was sentenced to five years imprisonment and a $5000 fine. On appeal, the Mississippi Supreme Court affirmed the convictions of both men but reversed King's conviction, finding the "case against [King] is simply too weak to support the verdict." *King v. State,* 580 So.2d 1182, 1189 (Miss.1991).

THE PROCEEDINGS BELOW

King, acting *pro se,* filed a complaint against Dees and other defendants who were involved in the investigation and prosecution of the criminal charges against her. She later retained counsel, who filed an amended complaint, claiming, pursuant to 42 U.S.C. § 1983, that Dees violated King's constitutional rights by giving false testimony before the grand jury and during the state court proceedings, coercing other witnesses to testify falsely, and conspiring with other defendants to have her prosecuted on false charges.

Dees filed a motion to dismiss or alternatively for summary judgment, contending that King failed to state a cause of action, and that Dees, in his individual and official capacities, was entitled to qualified immunity and absolute immunity granted to a witness at trial. King, still represented by counsel, filed a response, but submitted no summary judgment evidence in support of her response. Prior to ruling on the motion, the district court granted King's motion to dismiss all defendants from the suit, with the exception of Dees.

Because matters outside the pleadings were considered, the court applied a summary judgment standard to its ruling on Dees' motion. *See,* FED.R.CIV.P. 12(b). The court found no genuine issue of material fact for trial and found that King was "either ... foreclosed as a matter of law from pursuing her claims or ha[d] wholly failed to present any evidence in support of them." The court granted Dees' summary judgment motion and dismissed King's suit.

## STANDARD OF REVIEW

This Court reviews an order granting summary judgment *de novo. Abbott v. Equity Group, Inc.,* 2 F.3d 613, 618 (5th Cir.1993). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party in entitled to a judgment as a matter of law." FED.R.CIV.R. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A moving party may meet its initial burden of establishing that there is no genuine issue by pointing out "the absence of evidence supporting the nonmoving party's case." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.1992). "[I]n the face of the defendant's

properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations ... to get to a jury without "any significant probative evidence tending to support the complaint.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

ANALYSIS

King, *pro se* on appeal, contends that the facts were not sufficiently developed to enable the district court to determine if there was a genuine issue for trial. Discovery matters are entrusted to the "sound discretion" of the district court. *Richardson v. Henry,* 902 F.2d 414, 417 (5th Cir.1990). Once a motion for summary judgment has been filed, a nonmoving party may seek a continuance if she believes that additional discovery is necessary to respond to the motion. FED.R.CIV.P. 56(f); *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1266 (5th Cir.1991). The nonmoving party must show how the additional discovery will defeat the summary judgment motion. *International Shortstop,* 939 F.2d at 1267. King did not seek a continuance requesting additional discovery and has failed to show that discovery was necessary to establish any issue of material fact that would preclude summary judgment. *See, NGS American, Inc. v. Barnes,* 998 F.2d 296, 300 (5th Cir.1993).

A plaintiff's verified complaint can be considered as summary judgment evidence to the extent that it comports with the requirements of FED.R.CIV.P. 56(e). *Barker v. Norman,* 651 F.2d 1107, 1114-15 (5th Cir.1981). King's original complaint was verified as true and correct under penalty of perjury and could have been considered as competent summary judgment evidence. However, King subsequently filed two amended complaints which were not so verified. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir.1985).

Applying this rule, King's second amended complaint is the only effective complaint, and because it is unverified, it does not constitute competent summary judgment evidence.

In granting summary judgment for Dees, the district court determined, citing King's deposition, that King failed to produce evidence that Dees presented any testimony before the grand jury, much less false testimony. It held that Dees, as a police investigator, was protected by absolute immunity from civil liability for testimony given in a criminal proceeding. It also noted that King admitted in her deposition that she had no proof that Dees threatened or coerced any witnesses.

It is clear after a review of the record that King failed to present any summary judgment evidence in support of her claims, not even her own affidavit. The only record evidence to which she cites in her appellate brief is an unsworn and unauthenticated letter to the district court signed by King. Unauthenticated documents are improper as summary judgment evidence. *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir.1991).

Because King has wholly failed to meet her summary judgment burden, this court need not consider the merits of the various causes of action she asserts. *Moody v. Jefferson Parish School Bd.,* 2 F.3d 604, 606 (5th Cir.1993).

## CONCLUSION

The district court's grant of summary judgment is AFFIRMED.