IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20631
Summary Calendar
_____

RETHA MAE SANDERS, Individually
and as heirs to Tommie Lee Sanders,
deceased,

                                        Plaintiff-Appellant,

versus

PRAIRIE VIEW A AND M UNIVERSITY,
GLENN E. BERRY, UNKNOWN INSTRUCTOR,
HEMPSTEAD WALLER AMBULANCE, BRETON
FIONN LIVINGSTON, (VOLUNTEER
EMERGENCY AMBULANCE CORPORATION), and
THE SHERIFF OF WALLER COUNTY,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Texas
(CA-H-93-2635)
_____
April 4, 1996

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

The district court entered a final judgment dismissing

Sanders' complaint on several grounds. Sanders appeals <u>only</u> the

district court's dismissal of the last and final defendant, the

"Waller EMS." Sanders sought a default judgment against "Waller

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

EMS" in the amount of $500,000 after it failed to answer his complaint. The district court refused to enter the default judgment because there was no record of effective service of process on "Waller EMS." Sanders avers service was proper when he served the Texas Secretary of State. Tex. Rev. Civ. Stat. Ann. art. 1396-2.07(B) (service of process on non-profit corporation may be had upon Secretary of State when registered agent cannot with reasonable diligence be found). The district court dismissed the case noting that "there is no record of effective service of process upon 'Waller EMS,' 'Hempstead/Waller EMS,' or 'Waller County EMS,' upon which a default judgment could be based." However, because the "Waller EMS" was no longer a party to this suit at the time of the district court's ruling we need not address whether service was proper.

In Sanders' Fourth Amended Original Complaint, he complains that the Waller County Sheriff's Office was negligent in utilizing the "Waller-Hempstead EMS" when other "alternative emergency ambulatory services [were] available at the time." Sanders asserts that the Waller County Sheriff's Office was negligent in promoting the use of a sub-standard ambulance service, failing to meet the statutory requirements of a basic life support vehicle, failing to have minimally proficient individuals operate the ambulance, and failing to call life-flight. While previous complaints filed by Sanders listed the "Waller EMS," the "Waller-Hempstead EMS," or the "Hempstead EMS" as parties and asserted negligence claims against them, the

2

Fourth Amended Complaint asserts a cause of action against only the Waller County Sheriff's Office for their control over the "Waller EMS." "An amended complaint supersedes the original complaint and renders it of no legal affect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The "Waller EMS" is not a party to the suit before us. Sanders' appeal is dismissed.

DISMISSED