IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40742
Summary Calendar
_____

AUDWIN JACOBS,

Plaintiff-Appellant,

versus

PORT NECHES POLICE DEPARTMENT, ET AL.,

Defendants,

CITY OF PORT ARTHUR TEXAS; JEFFERSON COUNTY, TEXAS

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CV-767
- - - - - - - - - -

August 17, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Audwin Jacobs appeals the district court's grant of summary
judgment in favor of Jefferson County in his 42 U.S.C. § 1983
civil rights lawsuit alleging malicious prosecution in favor of
Jefferson County.  Jacobs does not brief any argument in
connection with the district court's judgment in favor of the
City of Port Arthur and other defendants and those claims are
therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1993)(arguments not briefed on appeal are abandoned); Fed. R. App. P. 28(a).

Jacobs has failed to provide competent summary judgment evidence that an official custom or policy or the ratification of an unofficial custom or policy led to his alleged malicious prosecution.  See Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978);  Scott v. Moore, 114 F.3d 51, 54 (5th Cir. 1997).  The competent summary-judgment evidence demonstrates that there was no official policy or custom of malicious prosecution during the time in question so this claim fails.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

Jacobs has failed to demonstrate any error in connection with the district court's judgment.  Accordingly, it is AFFIRMED. Jacobs' motion to dismiss the City of Port Arthur and other defendants is DENIED as moot.  See Yohey 985 F.2d at 224-25.

AFFIRMED; MOTION DENIED AS MOOT.