# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-40324
Summary Calendar

ROBERT STEVENS DAIL,

Plaintiff-Appellant,

versus

JERRY BALLARD; ROBERT GAMBLE, MD;
M. J. HERRERA, MD; THOMAS L. STARK, MD;
Captain PLAYER; JANE DOE, an unknown
female in classification section of Garza West,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(C-97-CV-664)

February 3, 2000

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Stevens Dail, a Texas state prisoner, appeals an adverse summary judgment in his civil rights action against several corrections officials. The matter was tried to a magistrate judge by consent. Dail contends that he was not allowed an adequate opportunity to conduct discovery before responding to the defendants' motion for summary judgment. He also challenges the summary judgment as it pertains to his deliberate indifference claim against Jerry Ballard and Dr.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maximiliano Herrera for deprivation of eyeglasses.[1]

Our review of the record and briefs persuades that the magistrate judge did not err by failing to give Dail an adequate opportunity for additional discovery.[2] Further, Dail has not shown the existence of a material fact as relates to his claimed culpability of Ballard and Herrera on the deliberate indifference claim. The magistrate judge committed no error in granting summary judgment.[3]

The judgment appealed is AFFIRMED.

---

[1]Dail does not challenge in his appellate brief the grant of summary judgment in favor of Drs. Robert Gamble and Thomas Stark and the rejection of his claim of esophageal injury. These matters are deemed abandoned. **Yohey v. Collins**, 985 F.2d 222 (5th Cir. 1993).

[2]Dail effectively withdrew a requested extension for additional time for discovery during a conference call involving same and after receipt of defendants' discovery response. *See* **King v. Dugan**, 31 F.3d 344 (5th Cir. 1994).

[3]See **Stewart v. Murphy**, 174 F.3d 530 (5th Cir. 1999).