IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30705
Summary Calendar
_____

ROBERT E. MACFARLAND,

Plaintiff-Appellant,

versus

J. WALKER, Head Doctor FCI Oakdale; JASPER YOUNG,
Administrator of UNICOR FCI Oakdale; CAROL CASTERLINE;
IVAN WHITE; KATHLEEN HAWK; DIRECTOR FEDERAL BUREAU PRISON;
UNITED NATIONS INDUSTRIAL CORP.; JOHN DOE,

Defendants-Appellees

_____


ROBERT E. MACFARLAND,

Plaintiff-Appellant,

versus

J. WALKER,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 98-CV-882 &
98-CV-1096
--------------------
April 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Robert E. MacFarland, federal prisoner # 18426-083, appeals the district court's dismissal of his Bivens[**] claims as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). MacFarland argues that the district court erred in dismissing his claims of deliberate indifference to a serious medical need and to his health or safety without addressing the claims set forth in his amended complaint.

MacFarland filed an amended complaint on June 1, 1999, after the magistrate judge issued his report and recommendation. The district court's judgment does not address the claims set forth in the amended complaint.

A party may amend a complaint once as a matter of course prior to service of a responsive pleading. See Fed. R. Civ. P. 15(a). An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts by reference the earlier pleadings. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). MacFarland's amended complaint superseded the original complaint. The district court erred in failing to address the amended complaint in dismissing MacFarland's claims as frivolous and for failure to state a claim.

In MacFarland's amended complaint, he alleged that the defendants exposed him to "known highly toxic and harmful environmental conditions," constituting "cruel and unusual punishment which will cause unbearable discomfort and pain,

---

[**] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

mental anguish and suffering, and further due to prolonged exposure, subject [him] to [a] higher probability of cancer, neurological mal[ad]ies, other probable destruction of health, as well as increased mortality risks." He alleged that the medical treatment he received for the "immediate discomforts" he experienced from his exposure to the toxic substance was influenced by the defendants' desire to conceal the "highly toxic chemical dangers" at UNICOR. Although on appeal and in his original complaint MacFarland alleged that after working at UNICOR he developed a rash and open sores from being exposed to formaldehyde, he did not specifically mention a rash in his amended complaint.

Prison authorities must protect prisoners not only against current threats, but also must guard against "sufficiently imminent dangers" that are likely to cause harm in the "next week or month or year." Helling v. McKinney, 509 U.S. 25, 33-34 (1993). MacFarland's amended complaint alleged that the defendants knowingly exposed him to toxic levels of formaldehyde, which resulted in unspecified present injuries and an increased risk of future harm, including a higher risk of cancer and other health problems. MacFarland's allegations of deliberate indifference to his health or safety satisfy § 1915(e)(2)(B)(I) and (ii). See Helling, 509 U.S. at 33-35.

The district court's judgment dismissing MacFarland's claims as frivolous and for failure to state a claim is VACATED and the case is REMANDED for the court to address MacFarland's amended complaint in the first instance.

VACATED AND REMANDED.