IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11265
Summary Calendar
_____

GEORGE V. FULLER,

Plaintiff-Appellant,

versus

NFN SPRAGINS, Officer; NFN GAY, Officer

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:98-CV-215-R
--------------------
July 10, 2000

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

George V. Fuller, *pro se* Texas prisoner # 773463, appeals the district court's grant of summary judgment in favor of Officers John Spragins and Christopher Gay. The district court determined that Spragins and Gay did not wrongfully arrest Fuller nor did they use excessive force during the arrest.

We note that Fuller's claim is that he was illegally stopped and searched, not solely that he was wrongfully arrested. In any event, these claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as any challenge to the legality of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigatory stop and frisk would necessarily implicate the validity of Fuller's conviction for evading arrest, as a lawful detention is a necessary element of the crime of evading arrest. *See* TEX. PENAL CODE § 28.04.

Fuller's excessive force claim also fails because the unrebutted summary judgment evidence demonstrates that only minimal force was used and that the officers did not hit or kick Fuller as he claims. *See Spann v. Rainey,* 987 F.2d 1110, 1115 (5th Cir. 1993). Fuller put on no evidence that any force used was excessive to the need or that it was objectively unreasonable. *See id.* Fuller's unsworn allegations are insufficient to overcome the affidavits and other evidence offered by the officers. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Fuller raises a number of arguments relating to the district court's denial of his motions seeking to compel discovery and the release of medical records. He also contends that contrary to the district court's opinion, he filed a document opposing the summary judgment motion. However, Fuller does not cite any authority supporting his claim that the district court erred in denying his requests, nor does he provide any evidence that he in fact filed an opposition. Further, even if the requested discovery responses had been provided, Fuller has not shown that the responses would have rebutted the officers' sworn testimony as to either of his claims. Accordingly, Fuller's contentions are without merit.

AFFIRMED.