**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-10711
Summary Calendar

REGINALD ROBERSON,

Plaintiff-Appellant,

versus

DALLAS COUNTY; ET AL.,

Defendants,

AJIT S. NATT,

Defendant-Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-863-BD
---------------------------------------------------------
February 4, 2002

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges:

PER CURIAM:[*]

Reginald Roberson, Texas prisoner # 1013595, appeals the district court's grant of summary judgment for Ajit S. Natt on his 42 U.S.C. § 1983 claim of the use of excessive force. This court previously vacated and remanded the district court's 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of Roberson's excessive force claim because the district court erroneously characterized his injuries as de minimis without considering the quantity of force that Roberson alleged defendant Natt used against him. See Roberson v. Dallas County, No. 99-10929 (5th Cir. Feb. 3, 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On remand, Natt filed a motion for summary judgment in which he denied Roberson's allegations concerning the amount of force used. Natt's summary judgment evidence showed that Natt was asked to bring a trusty to clean up a flood of water in a cell caused by inmate Reginald Roberson. After Natt arrived at Roberson's cell, it was clear that Roberson had to be removed from the cell in order for the water to be cleaned up. Natt observed Roberson pull make-up out of his shorts. Natt then told Roberson to place his hands on the glass so he could be pat-searched before he was placed in another, dry cell. Roberson initially refused to be pat-searched, but upon the fourth command he did finally place his hands as ordered. When Natt asked Roberson to take a step back and separate his feet, he refused to do so. Natt continued to try to pat-search him. While Natt was attempting to pat him down, Roberson purposefully took a dive head first to the floor, causing Natt to fall and land on top of him. Natt picked himself up and then picked Roberson back up and finished patting him down. Natt used no force against Roberson, except the force necessary to pick Roberson up from the floor. Natt would not have used any force against Roberson that was not absolutely necessary because such use of force would have subjected Natt to possible and substantial risk, given that Roberson is HIV+.

The magistrate judge granted summary judgment for defendant Natt, stating that because Roberson had not submitted any evidence in his response to Natt's motion for summary judgment, the court must accept the defendant's evidence as undisputed. The magistrate judge held that the evidence showed that the force used against Roberson did not rise to the level of a constitutional violation. The magistrate judge stated that Roberson had failed to go beyond the pleadings or designate specific facts in the record showing a genuine issue for trial.

The allegations in Roberson's complaint were declared to be made under penalty of perjury, and his complaint also contained allegations made in a sworn affidavit, which can be considered competent summary judgment evidence. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). In that complaint and affidavit, Roberson alleged that Natt grabbed the collar of his jumper and shook him until he lost

balance and fell on his stomach in a pool of toilet water, then jumped on his back, knee first, and repeatedly punched him in the mouth and slammed his face into the cement floor. Although Roberson did not specifically refer to his sworn allegations in his response to Natt's motion for summary judgment, the magistrate judge should not have simply ignored Roberson's sworn allegations in the record.

Because the summary judgment evidence in the record reveals the existence of a genuine issue of material fact regarding the amount of force used by Natt against Roberson, the district court's judgment is VACATED and this case is REMANDED for further proceedings. All outstanding motions are DENIED.