**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 20, 1999**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30876
Summary Calendar

_____

LISA ALACK PETERS; MICHELLE WINTERSTEIN,
Through her next friend, Lisa Alack Peters;
JOSEPH WINTERSTEIN,

Plaintiffs-Appellants,

versus

CONNIE LOWRY, also known as Connie Lowery Pea, Juvenile Officer,
Tangipahoa Parish Sheriff's Office, Individually and in her
official capacity; J. EDWARD LAYRISSON, Sheriff, Tangipahoa Parish
Sheriff's Office, Individually and in his official capacity; CRAIG
ANDREWS, Office of Community Services Worker, Individually and in
his official capacity; DALE FRAZIER, Office of Community Services
Supervisor, Individually and in his official capacity; THOMAS HALL,
Office of Community Services Supervisor, Individually and in his
official capacity, UNIDENTIFIED PARTY,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-2738
- - - - - - - - - -

January 20, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges

PER CURIAM:[*]

On August 19, 1994, the plaintiffs brought a suit under § 1983

and various state laws against the defendants arising from

allegations of violations of the plaintiffs' civil rights during an

investigation of child abuse.  The defendants filed a 12(b)(6)

motion which was granted in part and denied in part.  In that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order, dated September 7, 1995, the plaintiffs were instructed to amend their complaint to provide further facts addressing the officers' liability; no deadline was provided. On February 8, 1996, a minute entry provided that all amended pleadings were to be filed by March 22, 1996.

On June 11, 1996, the defendants filed motions for summary judgment based on qualified immunity. On July 31, 1996, the plaintiffs filed a motion to amend their complaint. On June 24, 1997, the district court granted the defendants' motions for summary judgment, dismissing all federal claims with prejudice and all state claims without prejudice.[**] At the same time, the district court denied plaintiffs' motion to file the first amended complaint because it was untimely and futile. The district court explained that the plaintiffs' motion to file the first amended complaint "came eleven months after the court had ordered amendment, four months after the deadline for amendments and a month after the interlocutory appeal was filed (thus the inability of the Court of Appeals to consider it)." Peters v. Lowery, No. CA-94-2738, (E.D.La. July 21, 1997).

The plaintiffs argue that the district court abused it discretion by denying their motion to amend their complaint. The plaintiffs do not challenge the district court's entry of summary judgment for the defendants, but instead allege that if they had been allowed to amend their complaint they could have advanced

---

[**]The hearing on the summary judgment motions was delayed over one year by an interlocutory appeal relating to discovery disputes.

specific facts against the defendants' claim of qualified immunity through additional discovery.  Once a motion for summary judgment has been filed, a nonmoving party may seek a continuance if he believes that additional discovery is necessary to respond to the motion.  Fed.R.Civ.P. 56(f); <u>King v. Dogan</u>, 31 F.3d 344, 346 (5th Cir. 1994).  Yet, the plaintiffs never sought a continuance for additional discovery and failed to show that discovery was necessary to establish any issue of material fact that would preclude summary judgment.

As part of its discretion in determining whether to allow a leave to amend, the trial court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993).  In light of the late date at which the plaintiffs moved to amend their complaint and the fact that plaintiffs did not seek a continuance for additional discovery after the defendants filed motions for summary judgment, the district court's denial of the plaintiffs' motion to amend was not an abuse of discretion.

AFFIRMED.