# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50262
Summary Calendar

RUSSELL NORMAN OLSTAD, JR

Plaintiff-Appellant

v.

JUANITA GONZALES, Parole Board Member, RISSIE OWENS, Presiding
Officer; BRYAN COLLIER, Director, Texas Department of Criminal Justice
Parole Division; HOWARD THRASHER, Parole Commission; CHARLES
SHIPMAN, Parole Commissioner

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-667

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Russell Norman Olstad, Texas prisoner # 391985,
appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that
members of the Parole Board (Board) retaliated against him for engaging in
litigation. Olstad alleged that he was denied parole and received a five year set-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

off until his next review because he filed suit against officers of the Board who had previously denied him parole.

Olstad has failed to brief, and thus has abandoned, his claim that the Board's conduct violated his rights under the Ex Post Facto Clause. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

Olstad contends that the defendants did not present summary judgment evidence sufficient to support their position. He also contends that he presented a chronology of facts which plausibly inferred that the defendants had a retaliatory motive for their action. He further asserts that records of his litigation activities were placed in his parole file in violation of Board policy, and that he received the five year set-off to punish him for suing the Board members.

Olstad has not provided any direct evidence that the defendants acted with a retaliatory motive, and his chronology of events, although detailed, does not raise a plausible inference of retaliation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Olstad's assertion that Collier, Gonzales, and Owens influenced the later Board members is based solely on his own beliefs and perceptions. He proffered no evidence that those three were personally involved in the placement of the litigation materials in his file.

Thrasher and Shipman were not named as defendants in the first complaint, and they provided legitimate reasons for denying parole and for the five year set-off. They relied on the fact that Olstad's offense was a violent criminal act involving vulnerable victims and the use of a weapon and on their determination that the amount of time that Olstad had served in prison was not sufficient in light of the severity of his offense and his criminal history. Olstad did not proffer any specific evidence to show that the five year set-off was the result of retaliation rather than the result of these members' perception of the seriousness of his offense.

Although "prisoners generally enjoy a constitutional right of access to the courts," *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), "[r]etaliation

against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (internal quotation marks and citation omitted). Olstad has not proffered any evidence that the alleged acts of retaliation impeded his access to the courts or chilled his efforts to litigate. *See Rodriguez*, 110 F.3d at 314. In sum, Olstad has failed to present an actionable retaliation claim. *Bibbs*, 541 F.3d at 270.

Olstad contends that the district court did not allow him adequate time to conduct discovery and granted summary judgment before the defendants provided him with responses to the requested discovery. A district court may exercise its "sound discretion" with respect to discovery matters. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). A party opposing a summary judgment motion must show how additional discovery would defeat the summary judgment motion. *Id.* Olstad has neither identified specific information that would have been obtained as a result of discovery nor shown how any such information would have defeated summary judgment. The documents requested by Olstad were those that he had prepared and served on the defendants in his prior suit. Thus, Olstad has not shown an abuse of discretion. *See King*, 31 F.3d at 346.

Olstad has failed to show that there is a genuine issue of material fact regarding his retaliation claim. FED. R. CIV. P. 56(c). The district court did not err in granting the defendants' motion for summary judgment. The judgment of the district court is, in all respects,

AFFIRMED.