**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-10924
Summary Calendar

DONALD E FRAZIER, JR.,

Plaintiff-Appellant

v.

CINEMARK USA INC,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-781

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald E. Frazier, Jr., is appealing the district court's denial of his motion to proceed in forma pauperis (IFP) on appeal following the district court's order granting Cinemark's motion for summary judgment and dismissing his complaint under Title VII of the Civil Rights Act of 1964. Frazier is effectively challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. *See Baugh v. Taylor*, 117

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). He has also filed a motion for exemption from Public Access to Court Electronic Records (PACER) fees.

Frazier's claim that the district court's failed to provide reasons for its certification decision is without merit. The district court's certification decision adopted and incorporated the magistrate judge's report and recommendation on the motion for summary judgment as its reasons for its ruling. Nothing more was required. *See Baugh*, 117 F.3d at 202 n.21.

The audiotape of Frazier's hearing before the Oklahoma Employment Security Commission, which was submitted by Frazier in opposition to the motion for summary judgment, was not properly authenticated and therefore did not constitute competent summary judgment evidence. *See United States v. Buchannan*, 70 F.3d 818, 827 (5th Cir. 1995)*; King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Therefore, the district court was not required to consider it. FED. R. CIV. P. 56(c).

The competent summary judgment evidence established that Frazier's fluctuating part-time work schedule was reduced by a supervisor who had no knowledge that Frazier had filed a discrimination claim. The reduction in hours occurred as a result of the following factors: (1) Frazier was less experienced than other employees in his position, (2) Frazier had a poor performance and disciplinary history, (3) the theater was scheduling fewer employees the week his hours were reduced because they were not expecting heavy crowds, and (4) Frazier demonstrated that he was not reliable by giving his supervisor only a couple of hours of notice that he would not be showing up to work his scheduled shift. Thus, Frazier did not satisfy his burden of showing that a genuine issue of material fact existed regarding whether Cinemark reduced his hours in retaliation for his filing a discrimination claim. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2008).

Because there was no genuine issue as to any material fact and Cinemark was entitled to judgment as a matter of law, Frazier has not shown that the district court's determination that Frazier's appeal was not taken in good faith was incorrect. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Therefore, we uphold the district court's order certifying that the appeal is not taken in good faith. Frazier's request to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2. Frazier's motion for exemption from electronic PACER fees is also DENIED.