CLD-035                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3259
_____

EDWARD SEMULKA,
Appellant

v.

KENNY P. MOSCHELL; SHARON M. MOSCHELL;
JOHN DOE; JAN DOE;
CANONSBURG OFFICER CARL FETCHKO;
CANONSBURG BOROUGH;
WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE;
WASHINGTON COUNTY CANONSBURG POLICE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01718)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: November 18, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Edward Semulka appeals from a District Court order dismissing his pro se

complaint for failure to state a federal cause of action and denying his motion for appointment of counsel. For the following reasons, we will summarily affirm.

In August 2009, Semulka filed a civil rights complaint against prison officials at the Federal Correctional Institution at Allenwood, where he had previously served a prison term. He alleged that prison officials denied medical treatment, gave him incorrect medication, failed to protect him from physical and mental abuse from fellow inmates, secretly recorded his private conversations, and denied access to prison grievance forms and the prison law library. He also filed a motion to have counsel appointed.

In September 2009, the District Court issued the first of several orders directing Semulka to amend his complaint. The District Court issued this order because the complaint did not comply with Federal Rule of Civil Procedure 8. In addition, the District Court dismissed without prejudice the motion for appointment of counsel because it was impossible to determine from the pleading whether Semulka had an arguably meritorious claim. Throughout the course of the litigation, Semulka asked for several extensions for filing an amended complaint and renewed his motion for the appointment of counsel. The District Court repeatedly granted the extensions and again denied without prejudice the motion for counsel. On July 17, 2010, thirteen days before the last deadline for filing an amended complaint, Semulka filed a document entitled "Complaint for Temporary Restraining Order[,] Preliminary and Permanent Injunctive Relief, [and] Declaratory Relief." In this document, Semulka asserted claims against his

neighbors for nuisance and cruelty to animals. Although the caption listed other defendants, the complaint identified causes of action against only the neighbors. Semulka made no mention of any of the defendants or causes of action related to his period of incarceration. The District Court interpreted the filing as an amended complaint and dismissed it for failure to state a federal cause of action.

The standard of review for a dismissal for lack of subject matter jurisdiction is plenary. See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000). We review the denial of a motion for appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.1997). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading," King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). In the July 17, 2010, document, Semulka did not refer to or adopt the initial complaint. He did not even raise the same claims or name the same defendants. Thus, the District Court properly considered only the July 17, 2010, document in dismissing the complaint. Since neither the nuisance nor cruelty-to-animals claims invokes federal question jurisdiction, see 28 U.S.C. § 1331, and because there does not appear to be a basis for diversity jurisdiction, see 28 U.S.C. § 1336, the District Court's dismissal was proper.

In determining whether to grant a pro se plaintiff's motion for appointment of

3

counsel, the district court first must determine, as a threshold matter, whether the "claim has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Because it was unclear from the initial complaint whether Semulka's claims had arguable merit, the District Court's denial of the motions was not an abuse of discretion.

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the order of the District Court.