# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2014

No. 13-10468

Lyle W. Cayce
Clerk

In the Matter of: R.E. LOANS, L.L.C.; R.E. FUTURE, L.L.C.; CAPITAL SALVAGE, a California Corporation,

Debtors

WELLS FARGO CAPITAL FINANCE, L.L.C.,

Appellant

v.

GORDON NOBLE; ARLENE DEA DEELEY; FREDRIC C. MENDES; NANCY RAPP; PHILLIP CANTOR; JOHN EMANUELE; IRENE LEE; DAVID NOLAN,

Appellees

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:12-cv-3513

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Before the Court is Defendants–Appellees' Motion to Dismiss the Appeal as Moot. For the reasons stated herein, we grant the motion and dismiss the appeal as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10468

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants–Appellees Gordon Noble, Arlene Dea Deeley, Fredric C. Mendes, Nancy Rapp, Phillip Cantor, John Emanuele, Irene Lee, and David Nolan (the "Class Plaintiffs") filed a consolidated putative class action complaint (the "Consolidated Complaint") in California state court against Plaintiff–Appellant Wells Fargo Capital Finance, L.L.C. ("Wells Fargo").  The present appeal stems from Wells Fargo's attempt to attack the Consolidated Complaint through an action in the United States Bankruptcy Court for the Northern District of Texas.

The Class Plaintiffs are former investors in R.E. Loans, LLC ("REL"). REL is a hard-money lender that raised funds to make real estate secured loans to real estate developers.  Suffering from a liquidity shortage, REL entered into a senior secured credit facility with Wells Fargo in July 2007. Later, in November 2007, REL and its member–investors, including the Class Plaintiffs, entered into a transaction (the "Exchange Offering") wherein the member–investors exchanged their equity interest in REL for junior secured notes issued by REL.  As the real estate market worsened, so did REL's financial condition.  Ultimately, REL filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas.  Under its Chapter 11 Plan of Reorganization, the REL estate released all claims against Wells Fargo that were property of the REL estate on the effective date of the plan.

In their Consolidated Complaint, the Class Plaintiffs allege that they were induced into participating in the Exchange Offering through misrepresentations the managers of REL made to them, and that Wells Fargo provided assistance in the managers' misrepresentations.  Wells Fargo, in turn, commenced an adversary proceeding in the bankruptcy court, and moved therein to enjoin prosecution of the Consolidated Complaint on the ground that the asserted causes of action were property of the REL estate and that the REL

2

estate had released all claims against Wells Fargo.  Specifically, Wells Fargo argued that the Consolidated Complaint sought recovery for harm to REL and that the Class Plaintiffs' injuries were derivative of, and secondary to, the harm REL allegedly suffered.

The bankruptcy court denied the motion and dismissed the adversary proceeding.  On appeal, the United States District Court for the Northern District of Texas affirmed in part and reversed in part.  The district court considered the facial allegations in the Consolidated Complaint and affirmed the denial of an injunction as to the cause of action stemming from the Class Plaintiffs' entry into the Exchange Offering.  The district court reasoned that the cause of action sought to recover for personal injury to the Class Plaintiffs and, thus, was not property of the REL estate.  The district court reversed as to the other causes of action.  Wells Fargo appeals the affirmance.

## II.    THE CLASS PLAINTIFFS' MOTION TO DISMISS

On August 2, 2013, after Wells Fargo filed its opening brief, the Class Plaintiffs filed a Motion to Dismiss the Appeal as Moot.  Mootness "is 'the doctrine of standing in a time frame.  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Ctr. for Indiv. Freedom v. Carmouch*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).  A case may become moot when "an intervening factual event . . . causes the plaintiff to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).  However, "[a] case should not be declared moot '[a]s long as the parties maintain a "concrete interest in the outcome" and effective relief is available to remedy the effect of the violation.'" *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 527 (5th Cir. 2008) (quoting *Dailey*, 141 F.3d at 227).

No. 13-10468

According to the Class Plaintiffs, Wells Fargo's appeal seeks review of the district court's interpretation of the facial allegations in the Consolidated Complaint.   However, the Class Plaintiffs argue, because the Consolidated Complaint has been superseded in California state court by a "significantly amended" complaint (the "Third Amended Complaint") and because the Third Amended Complaint is not before this Court,[1] the present appeal should be dismissed as moot.

Though conceding that the Third Amended Complaint is "different in several respects from the Consolidated Complaint," Wells Fargo responds that "the Third Amended Complaint does *not* abandon the claims at issue in this appeal" involving the Exchange Offering.   Therefore, Wells Fargo argues, it has a concrete interest in the outcome and effective relief is available because the Consolidated Complaint and the Third Amended Complaint "allege the same theories of harm in connection with the Exchange Offering."

We disagree.   The crux of this appeal, and of the underlying adversary proceeding, challenges "[w]hether a specific cause of action belongs to a bankruptcy estate[—]a matter of law that [the reviewing court will] decide by reference to the facial allegations in the complaint."   *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008) (citing *In re Educators Grp. Health Trust*, 25 F.3d 1281, 1285 (5th Cir. 1994)).   In the adversary proceeding below, Wells Fargo challenged only the allegations in the Consolidated Complaint.   Similarly, on appeal, Wells Fargo has raised only the causes of action asserted in the Consolidated Complaint.

The Consolidated Complaint, however, is no longer the operative complaint and has no legal effect because the Third Amended Complaint has

---

[1] Wells Fargo is currently challenging the Third Amended Complaint in a newly filed adversary proceeding in the United States Bankruptcy Court for the Northern District of Texas.

4

superseded it and does not incorporate the Consolidated Complaint.  *See, e.g.*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Foreman & Clark Corp. v. Fallon*, 3 Cal. 3d 875, 884 (1971) ("It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading." (citing *Meyer v. State Bd. of Equalization*, 42 Cal. 2d 376, 384 (1954))).  We need not decide whether the amendment of the complaint, alone, is sufficient to moot this appeal.  It suffices to hold that the facts alleged in the Third Amended Complaint are sufficiently different from those the bankruptcy court and district court reviewed below.  The differences between the two complaints are such that Wells Fargo no longer has a right to be vindicated or a stake in the outcome of the Consolidated Complaint.  Wells Fargo's appeal is moot.

## III.   CONCLUSION

Accordingly, we GRANT the Class Plaintiffs' motion to dismiss the appeal and DISMISS Wells Fargo's appeal as moot.