## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20165

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

DAVID BUREN WILSON,

Plaintiff - Appellant

v.

GERALD BIRNBERG, In his capacity as Chairman of the Harris County
Democratic Party; STAN STANART, Harris County Clerk; LANE LEWIS, in
his capacity as Chair of the Harris County Democratic Party; GERALD
BIRNBERG, individually,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3257

Before BARKSDALE, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

This appeal arises from an order granting a motion to dismiss for failure
to state an equal protection claim under the Fourteenth Amendment. We
AFFIRM.

## FACTS AND PROCEEDINGS

On the deadline date of January 4, 2010, David Buren Wilson submitted
an application for a place on the Democratic Party primary election ballot for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

the position of Harris County Commissioner for Precinct #4. The application asked for his residence address and Wilson listed his as 1512 W. 34th Street, Houston, Texas 77018. The chair of the Harris County Democratic Party, Gerald Birnberg, formed a personal belief that the address listed was not Wilson's residential address, although it was within Precinct #4.[1] He rejected Wilson's application, he wrote, "not because I have concluded you do not live within precinct four. It is solely because I have concluded that your application fails to include your residence address, as required by mandatory provisions of the statute." No other applications were approved for the Democratic primary ballot for the position.

Wilson "failed to gain relief in various state courts," and sued Birnberg and other officials in the United States District Court for the Southern District of Texas. *Wilson v. Birnberg*, 667 F.3d 591, 594 (5th Cir.), *cert. denied*, 133 S. Ct. 32 (U.S. 2012). Wilson claimed a denial of a right to ballot access, violations of due process and equal protection, and that Section 141.032 of the Texas Election Code was unconstitutional on its face. He sought injunctive relief and damages under 42 U.S.C. § 1983.

---

[1] Birnberg provides the full text of the January 8, 2010 letter that Wilson partially quotes in his pleadings to explain why Wilson's application was rejected. In it, he references a conversation he had with Wilson in which Wilson "indicated that this is actually [his] business address." Birnberg said this triggered his statutory obligation to investigate the application. During this investigation of public records, Birnberg found that Wilson's wife was the record title owner of a residence located at 7307 Lake Lane, Houston, Texas, upon which a residential homestead exemption had been claimed (under Texas law, a married man is held to reside where his wife resides), Harris County Appraisal District listed the 1512 W. 34th Street site as commercial property described as "Industrial Warehouse-Metallic," and there was no City of Houston Certificate of Occupancy authorizing its use for residential purposes. Because it is referenced in Wilson's pleadings, we may consider this letter even at the Rule 12(b)(6) stage. *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 639 (S.D. Tex. 2012) *aff'd*, 527 F. App'x 728 (5th Cir. 2013) ("Generally, any documents that are referenced in the pleadings themselves may be considered [in a Rule 12(b)(6) motion]."); *See* Fed. R. Civ. P. 10(c) (adopting documents attached to a pleading as part of the pleading for all purposes).

No. 13-20165

Wilson filed three complaints at the beginning of his case: two that were submitted *pro se* and a third drafted with the aid of counsel. His "Original Complaint" was filed on September 10, 2010. It stated that on January 4, 2010, Wilson had "timely and properly filed his sworn application for a place on the March 2, 2010 Democratic Party Primary Election Ballot . . . . Defendant originally accepted Plaintiff's application on January 4, 2010 but 4 days later rejected Plaintiff's application . . . contending that Plaintiff did not correctly state his residence address on his application." Wilson pointed out a different election law case in which Birnberg had argued that he "had and has no authority under the Texas Election Code to make a determination concerning the residency of an applicant for a place on the ballot." Wilson identified seven other applicants by name "with similar circumstances" who had their applications "accepted and certified" by Birnberg and stated that his was the "only one rejected." Wilson asserted that his "voter registration, voter history, and Texas drivers' [sic] license and other documents" showed that his "residence" was "correctly stated in his application." Wilson "incorporate[d]" various portions of his complaint "by reference" in other portions of his brief. He also "re-allege[d]" portions of his complaint, pointing to the relevant numbered paragraphs.[2]

On December 8, 2010, Wilson submitted a third complaint, titled his "Second Amended Complaint" with a motion for leave to file the complaint. This was the first complaint submitted by counsel. It stated that "[a]t all relevant times, Wilson resided in Harris County," but did not allege that 1512

---

[2] Three days later, Wilson filed another document styled his "First Amended Complaint." Wilson repeated the majority of his "factual allegations" in a complaint that is almost identical to his Original Complaint. This time, however, he claimed Birnberg "accepted and certified" the ballot for at least six people in "similar circumstances."

3

W. 34 Street was his residential address.  It alleged that "Birnberg rejected Wilson's application out of retaliation for Wilson's exercise of free speech" because he had circulated flyers opposing Houston Mayor Annise Parker. Wilson alleged that Birnberg had "deprived [him] a place on the ballot acting under color of law."

The district court dismissed the case for failure to state a claim and Wilson appealed to this court.  On January 12, 2012, this court released an opinion affirming "in all respects except for Wilson's equal protection claim as to Birnberg as party chairman.  The dismissal of that claim is REVERSED and the claim is REMANDED."  *Wilson*, 667 F.3d at 602.  This court first pointed out that Wilson had filed three complaints.  *Id.* at 594-95.  While a party has a right to amend a pleading within 21 days of its service under the Federal Rules of Civil Procedure, later amendments are permitted "only with the opposing party's written consent or the court's leave."  *Id.* at 594 (quoting Fed. R. Civ. P. 15(a)(2)).  Since the district court appeared to consider all of the complaints while not formally ruling on the motion for leave to amend, this court considered all three as well in evaluating their sufficiency.  *Id.* at 594-95. However, this court instructed that "[o]n remand . . . the district court should insist on a single operative complaint."  *Id.* at 595.

Critical to the analysis were two facts alleged in Wilson's complaint: (1) that he "was an eligible candidate" because his "voter history, and Texas driver['s] license and other documents show that Plaintiff's residence is correctly stated on his application," and (2) that Birnberg "reject[ed] Wilson's application out of retaliation for Wilson's exercise of free speech" in opposing the successful Democratic mayoral candidate.  *Id.* at 600, 599.  This constituted sufficient "factual content" supporting Birnberg's liability on a "class of one" equal protection theory.  *Id.* at 599.

No. 13-20165

On remand, the district court gave Wilson thirty days to file his single operative complaint.  That complaint, styled Wilson's "Second Amended Complaint" (to avoid confusion with the prior "Second Amended Complaint," this complaint will be referred to as the "Operative Complaint") and drafted with the aid of his counsel, included not just an equal protection claim as to Birnberg as party chairman, but added a conspiracy claim against the former and current Harris County clerks, Beverly Kaufman and Stan Stanart, and sought the return of his filing fee from the Harris County Democratic Party and Lane Lewis, the current chair of the Harris County Democratic Party.  It also sued Gerald Birnberg "individually."

The Operative Complaint eliminated the assertion made in Wilson's *pro se* filings that he had "properly" filled out his application, asserting only that Wilson "completed the entire application" and that the "application listed his residence as 1512 W. 34th St., Houston, Texas 77018."  Instead of any factual allegations of "retaliation" for opposing a political ally, Wilson alleged that "Birnberg conducted an investigation and unilaterally determined that Wilson's residence was located at 7307 Lake Lane, Houston, TX 77040." Instead of listing the names of any similarly-situated parties that had been treated differently than Wilson, Wilson alleged that, "[f]ive other candidates did in fact list their commercial address on the application.  On reasonable belief, Birnberg did not investigate those candidates and certified their name [sic] to appear on the ballot."  Wilson added the allegation that someone in the Harris County Clerk's office "placed some election ballots in the mail prior to the deadline with the intent to aid Birnberg and keep Wilson off the election ballot" in an effort to make the issue moot under Texas law before his case was heard.  He alleged in the alternative that someone from the "Clerk's Office lied to" the state court judge about placing the ballots in the mail to moot his case.

5

No. 13-20165

The district court again dismissed the case for failure to state a claim. The district court granted the motion to dismiss the Harris County Defendants, Kaufman and Stanart, under Rule 41(b) (failure to comply with a court order). The district court found that "[n]owhere did this Court or the Fifth Circuit allow Plaintiff to add additional claims or additional parties to his lawsuit . . . [d]oing so was clearly a violation of both the Fifth Circuit and this Court's Orders." For the same reasons, the district court *sua sponte* dismissed the claim against the Harris County Democratic Party. As to Birnberg, pursuant to Rule 12(b)(6), the court dismissed the Section 1983 equal-protection claim because Wilson no longer specifically alleged in his pleading that Birnberg was acting under color of law. Alternatively, the district court found Wilson no longer alleged that the address he provided was his residential address, as statutorily required to submit a proper application. Wilson appeals this order.

**STANDARD OF REVIEW**

"We review *de novo* a district court's dismissal under Rule 12(b)(6)." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Rule 12(b)(6) permits a party to move to dismiss if a plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of

6

time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (internal quotation marks omitted).

## DISCUSSION

The Equal Protection clause "protects against the unlawful administration by state officers of a state statute fair on its face, resulting in unequal application to those who are entitled to be treated alike." *Wilson*, 667 F.3d at 599 (internal quotation marks omitted).[3] To establish liability under a "class of one" equal protection analysis "the plaintiff must establish (1) he was 'intentionally treated differently from others similarly situated' and (2) there was no rational basis for any such difference." *Id.* at 599.

"A candidate's application for a place on the ballot that is required by this code must . . . include . . . the candidate's residence address or, if the residence has no address, the address at which the candidate receives mail and a concise description of the location of the candidate's residence." TEX. ELEC. CODE § 141.031(a)(4)(I). "If an application does not comply with the applicable requirements, the authority [with whom it is filed] shall reject the application and immediately deliver to the candidate written notice of the reason for the rejection." TEX. ELEC. CODE § 141.032(e).

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant

---

[3] As an initial matter, this court's original opinion in this case affirmed the district court in all respects except for "Wilson's equal protection *claim* as to *Birnberg as party chairman*." 667 F.3d at 602 (emphases added). This court gave Wilson no authority to add additional claims or additional parties to his cause of action, all of whom could have been included in his Original Complaint or added within the appropriate period of time. Fed. R. Civ. P. 15. We, therefore, affirm the district court's dismissal of claims under Rule 41(b).

portion is specifically incorporated in the new pleading." 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (footnotes omitted).

Wilson was provided 30 days by the district court to provide a single, unified complaint in light of our remand and with the benefit of our opinion's guidance. Accordingly, Wilson's Operative Complaint is the only live complaint in this proceeding. Although Wilson's prior complaints evince an awareness that he could adopt and incorporate parts of a complaint, his Operative Complaint does not adopt or incorporate any prior filings.

Wilson's Operative Complaint fails to state a claim upon which relief can be granted. Wilson's "factual allegations" no longer include the crucial assertion that his application was proper because his "residence is correctly stated on his application." Wilson ceased to make this allegation when he began preparing his pleadings with counsel. Wilson's complaint also no longer includes any "factual allegations" about Birnberg's desire to retaliate against him, which would offer some alternative explanation for why Birnberg rejected his application other than the fact that it did not comply with the statutory requirement to state his residence address. The failure to include these elements fatally undermines his pleadings; he cannot allege that there was "no rational basis" for the rejection of his application if Birnberg is legally obligated to review and reject applications without properly listed residence addresses. Our prior opinion clearly recognized that a prerequisite for Wilson to prove that he had been discriminated against was that his application had been statutorily "compliant," "proper," and that the "application must list the candidate's residential address." *Wilson*, 667 F.3d at 594, 600.

Wilson's pleadings have also become more vague and speculative over time. While his Original Complaint listed seven people by name "with similar circumstances" who had their applications accepted and his First Amended Complaint listed six people by name, his Operative Complaint lists no names

8

of similarly-situated people who were certified for the ballot, but merely asserts now that "[f]ive other candidates did in fact list their commercial address on the application."[4]  No further detail is offered of these others.  No allegation is made that Birnberg knew these addresses were not the residential addresses of these prospective candidates but chose to approve them anyway while rejecting Wilson's application for some irrational, discriminatory reason.  In light of this, these pleadings fail to rise "above the speculative level" required to survive a Rule 12(b)(6) challenge.[5]

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court.

---

[4] The statement strongly implies that Wilson submitted a commercial address.

[5] Wilson's Operative Complaint argues that Birnberg has previously taken the position that he cannot go outside of the record to unilaterally decide someone's residency, and that the fact he did so here evidences discrimination against him.  He cites to a brief submitted on behalf of Birnberg to request that he be estopped from arguing that he can look outside the record.  On the contrary, the full text of the quote reveals that Birnberg's brief claimed "that a candidate may be declared ineligible only if . . . facts indicating that the candidate is ineligible are conclusively established by another public record."  After his conversation with Wilson in which Wilson told Birnberg that 1512 W. 34th Street was not his residence, he relied on public records to conclusively establish that Wilson's application was non-compliant.  There is no discriminatory inconsistency visible here.