# United States Court of Appeals for the Fifth Circuit

No. 21-50272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2022

Lyle W. Cayce
Clerk

Raymond E. Lumsden,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Senior Warden Cynthia Lofton; Assistant Warden Chimdi Akwitti; Assistant Warden Nick Clayton; Major Beau Smith; Jessica Riley; H. M. Pederson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-630

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Raymond E. Lumsden, Texas prisoner # 2109472, filed a pro se 42 U.S.C. § 1983 action against the director of the Correctional Institutions Division of the Texas Department of Criminal Justice, as well as several wardens, a major, and two grievance coordinators at the prison. In his complaint, Lumsden alleged that prison conditions on the Hughes Unit violated the Eighth Amendment. He further alleged that there was a critical staffing shortage at the prison and that the defendants had conspired to retaliate against him.

On appeal, Lumsden challenges the district court's summary judgment dismissal of his action concerning his claims of unconstitutional conditions of confinement and a staffing shortage. His failure to articulate any argument concerning the district court's rejection of his retaliation claim results in abandonment of the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

A qualified immunity defense alters the typical summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). In such cases, once the defense is pleaded, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* To overcome an assertion of qualified immunity, a plaintiff must show that the defendant's conduct violated a constitutional right and that the right was clearly established when the violation occurred. *Williams v. City of Cleveland*, 736 F.3d 684, 688 (5th Cir. 2013). Because Lumsden did not present competent summary judgment evidence showing a constitutional violation, he failed to rebut the qualified immunity defense. *See id.*; *Brown*, 623 F.3d at 253; *see also Ball v. LeBlanc*, 792 F.3d 584, 595 (5th Cir. 2015); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Accordingly, the district court's judgment is AFFIRMED.