# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50815

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2014

Lyle W. Cayce
Clerk

DARRYLL TAYLOR,

Plaintiff-Appellant

v.

DUVELZA B. URESTE; DANIEL MCQUARY; MICHELL BIESE; MARIA D. AGREDANO; CHERYL LAWSON; STEVEN R. SWIFT,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:12-CV-98

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Darryll Taylor, Texas prisoner # 1569309, has filed a motion to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his civil rights complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). By moving for IFP status in this court, Taylor is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50815

Taylor argues that (1) he is indigent; (2) his claims of constitutional violations have merit and are supported by unspecified controlling caselaw from this court and the Supreme Court; and (3) because he did not receive a report of the magistrate judge recommending the denial of IFP, he was unable to file objections and was deprived of de novo review regarding the denial of IFP. Although Taylor references generally his civil rights claims, he has abandoned the claims by failing to brief them. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Taylor has not shown that his "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Taylor's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Taylor's complaint as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). This court's dismissal of this appeal also counts as a strike. *See id.* Taylor is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR IFP DENIED; APPEALS DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.