# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51086

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2015

Lyle W. Cayce
Clerk

DARRYLL TAYLOR,

Plaintiff-Appellant

v.

WARDEN STEVEN SWIFT; ROGER BOWERS; ROGELIO RAMIREZ; LINDA RICHEY; O. ARTEAGA; SERGEANT HOUSTON; CONRADO PALACIOS, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CV-48

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Darryll Taylor, Texas prisoner # 1569309, moves to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he claimed that he was subject to due process violations and wrongful retaliation in prison disciplinary proceedings. The district court dismissed Taylor's due process claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). After determining that Taylor had not exhausted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies regarding his retaliation claim, the district court dismissed the claim of wrongful retaliation by granting summary judgment in favor of the defendants.  The district court denied Taylor's motion for leave to proceed IFP on appeal, certifying that the appeal was frivolous and not taken in good faith.

Taylor contends that his due process rights were violated and that he exhausted administrative remedies with respect to his retaliation claim.  By moving in this court for leave to proceed IFP, Taylor is challenging the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court may authorize a prisoner to proceed IFP on appeal if he demonstrates that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  An appeal is taken in good faith if it raises legal points that are arguable on the merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The Due Process Clause protects persons against deprivations of life, liberty, or property.  U.S. Const. Amend. XIV, § 1.  "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  The punishment resulting from the disciplinary hearing at issue, a loss of 20 days of recreation and commissary privileges, does not result in a deprivation of a liberty interest.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  As Taylor's claim that his due process rights were violated is based upon the deprivation of nonexistent liberty interests, the district court did not abuse its discretion in dismissing the claim as frivolous.  *See Austin*, 545 U.S. at 221-24; *Geiger v. Jowers*, 404 F.3d 371, 372 (5th Cir. 2005).

As Taylor did not raise the issue of whether the disciplinary charge was motivated by retaliation in either his Step I or Step II grievance, he failed to

No. 14-51086

properly exhaust this issue. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). His conclusional assertions regarding this issue are insufficient to defeat a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Also, while Taylor contends that the district court erred by not allowing him to conduct discovery regarding his retaliation claim, he fails to show how the additional discovery was necessary to establish an issue of material fact that would preclude summary judgment. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). He therefore does not establish that the district court abused its discretion in denying discovery. *See id.*

The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's partial dismissal as frivolous. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *see also Coleman v. Tollefson,* 135 S. Ct. 1759, 1763-64 (2015) (holding that a prior dismissal on one of § 1915(g)'s enumerated grounds counts as a strike even if the dismissal is the subject of an ongoing appeal); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-63 (5th Cir. 1998) (providing that the partial dismissal of a complaint as frivolous, malicious, or for failure to state a claim counts as a strike under § 1915(g)). Also, Taylor has two prior strikes. *See Taylor v. Ureste*, 565 F. App'x 325, 325 (5th Cir. 2014). Accordingly, Taylor has accumulated more than three strikes and is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.