# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2022

Lyle W. Cayce
Clerk

No. 21-40694
Summary Calendar

John Louis Atkins,

*Plaintiff—Appellant*,

*versus*

United States Department of Justice - F.B.O.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-300

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

John Louis Atkins, federal prisoner #11028-091 and Texas prisoner #2184778, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he sought to challenge the revocation of his terms of supervised release and the revocation sentences imposed for his prior convictions of being a felon in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40694

possession of a firearm and passing counterfeit obligations of the United States. He challenges the denial of his motion to amend his § 2241 petition and the district court's dismissal of the petition without addressing the merits of his actual innocence and time computation claims.

On Atkins's motion, the district court for the Northern District of Texas transferred the petition to the Eastern District of Texas and denied Atkins's motion to amend his petition without prejudice. Following the transfer, the Eastern District of Texas granted Atkins's motion to amend his petition. Thus, his complaints that he was not permitted to amend his petition are meritless.

Atkins's claim of actual innocence is a collateral attack on the revocation judgment, which is properly construed as arising under 28 U.S.C. § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. *See* § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). As such, the § 2241 petition was properly dismissed because the district court lacked jurisdiction to consider any claims arising under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000).

Atkins's amended petition, which did not include or reincorporate his time computation argument, superseded his earlier petition. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Atkins did not re-urge his time computation claims in his reply to the Government's response or in his objections to the magistrate judge's report and recommendation. Thus, his assertions of error in the disposition of these claims are without merit.

AFFIRMED.

2